**In re Shirley May SCHOOR, Debtor.**

**Philip WILSON, Plaintiff,**

**v.**

**Shirley May SCHOOR, Defendant.**

**Bankruptcy No. 91–42688–3.**

**Adv. No. 91–4269–3.**

United States Bankruptcy Court, W.D. Missouri.

March 6, 1992.

Roger M. Driskill, Sevier, Burnett & Maloney, Liberty, Mo., for plaintiff.

Charles C. Curry, Charles C. Curry Law Office, Grandview, Mo., for defendant.

## MEMORANDUM OPINION

ARTHUR B. FEDERMAN, Bankruptcy Judge.

This is a dischargeability action under 11 U.S.C. § 523(a)(6). The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

Plaintiff and Debtor Shirley May Schoor were at different times employed by a company that publishes and distributes a real estate advertising magazine that is offered through realtors located in the Kansas City area. Plaintiff was Debtor's replacement at the company. After Debtor's employment with the company was terminated in June, 1991, she began publishing her own magazine in direct competition with the company. Litigation regarding Debtor's actions and violation of certain covenants not to compete ensued between Debtor and the company. At the time of the events in question, Debtor had been preliminarily enjoined from publishing her competing magazine and from entering onto the property of certain realtors where her former employer's magazines were displayed. The Circuit Court of Jackson County, Missouri found that Debtor had removed her former employer's magazines at certain such of-

fices, and replaced them with her own magazine. On March 24, 1982, the parties encountered each other near one such real estate office, whereupon a physical altercation ensued. As a result of this altercation, the Raytown, Missouri police were called, and Plaintiff was arrested and detained for 3½ hours. All charges against him were subsequently dropped.

Thereafter, in September 1985, Debtor filed suit against Plaintiff in tort, seeking damages arising out of the altercation. Plaintiff claimed that his actions were in self-defense, and filed a counterclaim seeking damages for assault, contending that Debtor had intentionally pulled on a camera wrapped around his neck, had kicked him, had attempted to bite him, had twisted his hand, had pulled on him, and had resisted his attempts to retreat from her. In addition, Plaintiff's counterclaim sought damages for malicious prosecution in connection with the arrest by the Raytown police. On April 17, 1986, after a jury trial, a verdict was entered in favor of Plaintiff on Debtor's claim against him. In addition, Plaintiff received awards of both actual and punitive damages on both the assault and malicious prosecution counts. The Missouri Court of Appeals then reduced the damages on the assault count to actual damages of $1.00 and punitive damages of $3,500.00. In addition, the Missouri Court of Appeals reversed and remanded the malicious prosecution judgment for retrial because the jury had been required to find only legal malice before awarding punitive damages rather than the more stringent actual malice required in Missouri for malicious prosecution. *Schoor v. Wilson*, 731 S.W.2d 308, 314 (Mo.Ct.App.1987). The case was remanded to the Circuit Court for a determination as to whether actual malice was present.

On January 14, 1988, the Circuit Court of Jackson County, Missouri, after a bench trial, entered judgment on the malicious prosecution count in the amount of $5,025.00 actual damages and $10,000.00 punitive damages. Costs in both actions were assessed against Debtor.

The original judgment in Circuit Court was entered on April 17, 1986. The next day, April 18, 1986, Debtor caused to be recorded a deed transferring to one Richard Miles her interest in a residence. Subsequently, Plaintiff filed suit against Debtor in equity to set aside that transfer, since he held a judgment lien on such real property by virtue of the judgments entered in his favor in the Circuit Court of Jackson County. Mo.Rev.Stat. § 511.350(1) (1986). On July 10, 1991, the Circuit Court of Jackson County, Missouri entered judgment in favor of Plaintiff, setting aside the deed purporting to convey real estate from Debtor to Mr. Miles. As a result, Debtor was deemed to be the owner of the real estate.

This Chapter 7 proceeding was filed on August 16, 1991, approximately one month after the transfer to Mr. Miles was set aside. Debtor listed the real estate as having a value of $20,000.00, and claimed it as her homestead. The total amount due Plaintiff as of the date of the bankruptcy filing was $27,316.92.

Plaintiff timely filed his Complaint to Determine Dischargeability on November 4, 1991, seeking a finding that Debtor's obligations to Plaintiff are nondischargeable pursuant to section 523(a)(6) of the Bankruptcy Code. 11 U.S.C. § 523(a)(6). Trial was conducted on February 10, 1992. Although Debtor was represented by counsel at trial, she did not personally appear. After the trial was concluded, her counsel notified the Court that she had failed to appear because of some confusion as to whether or not she was supposed to be present. The Court therefore set a second hearing on February 19, 1992, at which Debtor was given the opportunity to testify.

There is no dispute that the principle of collateral estoppel applies in bankruptcy court to bar the relitigation of factual or legal issues that were determined in a prior state court action. *Grogan v. Garner*, — U.S. ——, 111 S.Ct. 654, 658 n. 11, 112 L.Ed.2d 755 (1991). If the issue involved is the same as that involved in the prior actions, was actually litigated in those

actions, and was determined by a valid and final finding which was essential to the judgment, it need not be relitigated. *In re Miera*, 926 F.2d 741, 743 (8th Cir.1991). Instead, the bankruptcy court should simply apply the dischargeability provisions of the Bankruptcy Code to that finding and determine whether the resulting debt is nondischargeable.

Here, the issue is whether the damages awarded to Plaintiff in the two state court actions create a debt "for willful and malicious injury by the debtor to another entity or to the property of another entity ..." within the meaning of Section 523(a)(6). Debtor concedes, and properly so, the non-dischargeability of the actual damages. The primary issue raised by Debtor concerns the dischargeability of punitive damages. *See* Suggestions in Support of Dischargeability of Punitive Damages, filed by debtor on February 10, 1992. However, section 523(a)(6) does not distinguish between actual and punitive damages. *Miera*, 926 F.2d at 745. The section excepts from discharge "any debt" for willful and malicious injury. The Eighth Circuit Court of Appeals has stated as follows:

> It is clear from the language of this section that Congress did not intend to forgive debts incurred as a result of a debtor's willful and malicious injury notwithstanding Congress' general policy of allowing a debtor a "fresh start" in bankruptcy. Moreover, this section does not distinguish between debts which are compensatory in nature and those which are punitive. The language of section 523(a)(6) is directed at the nature of the conduct which gives rise to the debt, rather than the nature of the debt.

*Miera*, 926 F.2d at 745.

■ Therefore, in the event the actual damages are nondischargeable under 523(a)(6), the punitive damages are nondischargeable as well. There is no question that the state court verdicts are tantamount to a finding of willful and malicious injury. In the assault case, the jury was instructed to award punitive damages only if it believed that Debtor's conduct was "willful or wanton and was wrongfully done for the purpose of causing injury or harm ..."

In this Circuit, "willful" is defined as "headstrong and knowing", which certainly applies to an assault. *See In re Long*, 774 F.2d 875, 880–81 (8th Cir.1985). "Malicious" is defined as conduct "targeted at the creditor ... at least in the sense that the conduct is certain or almost certain to cause ... harm." *Id.* Again, the assault here was most certainly targeted at Plaintiff, and was certain or almost certain to cause harm to him. With respect to the malicious prosecution claim, the state court verdict can only mean that the jury found Debtor's actions in instituting legal proceedings against Mr. Wilson to be both willful and malicious. As to both the assault and malicious prosecution judgments, the issues litigated are the same as in this dischargeability action, the issues were actually litigated, and were determined by valid and final findings which were essential to the prior judgments. Therefore, all elements of collateral estoppel have been satisfied.

Based upon the above and foregoing, I find that the obligations of Debtor to Plaintiff Philip Wilson are nondischargeable pursuant to 11 U.S.C. § 523(a)(6). A separate Order consistent with this Memorandum Opinion will be issued this date.