In re Louis F. LENTINE, Debtor.

AETNA CASUALTY & SURETY
COMPANY, Plaintiff,

v.

Louis F. LENTINE, Defendant.

Bankruptcy No. 91–32666–BKC–SHF.
Adv. No. 92–0165–BKC–SHF–A.

United States Bankruptcy Court,
S.D. Florida.

April 11, 1994.

Patricia A. Redmond, Miami, FL, for plaintiff.

James A. Conway, Stuart, FL, for debtor/defendant.

---

## ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON COUNT I OF THE COMPLAINT

STEVEN H. FRIEDMAN, Bankruptcy Judge.

This matter came before the Court for hearing March 17, 1994, on the motion of Plaintiff, Aetna Casualty & Surety Company ("Aetna"), for partial summary judgment on Count I of its complaint. Aetna contends that under the doctrine of collateral estoppel the debt owed by the Debtor, Louis Lentine (the "Debtor"), is nondischargeable under 11 U.S.C. § 523(a)(6). Having considered the motion, the argument of counsel, and for the reasons set forth below, the Court grants Aetna's motion for partial summary judgment.

Aetna filed a two count complaint seeking (1) to except from the Debtor's discharge pursuant to 11 U.S.C. § 523(a)(6) the debt owed to Aetna and (2) to have the Court deny the Debtor's discharge pursuant to 11 U.S.C. § 727(a)(5). Aetna alleges in its complaint that the Debtor cut hoses of his motor yacht "Break–Aweigh" causing it to sink. Because Aetna would not pay on the Debtor's claim, the Debtor filed a lawsuit in the United States District Court for the District of South Carolina against Aetna seeking to recover $360,000, the limit of the insurance policy (the "District Court Action"). In its decision, the District Court found that the Debtor caused his own loss and could not recover under the insurance policy. The District Court further found, in a later oral opinion, that the Debtor acted in bad faith in bringing the lawsuit against Aetna and also awarded Aetna the fees and costs that it incurred in defending the lawsuit. Aetna seeks to have those fees and costs excepted from the Debtor's discharge on the basis that the Debtor willfully and maliciously caused damage to Aetna by filing a lawsuit against Aetna seeking to recover a claim that was not covered by the insurance policy. In its motion for summary judgment, Aetna contends that the doctrine of collateral estoppel should bar the Debtor from challenging the issue of whether the debt to Aetna should be excepted from the Debtor's discharge.

Collateral estoppel or issue preclusion forecloses a relitigation of an issue of fact or law that has been litigated and decided in a prior suit. The principles of collateral estoppel may be applied to foreclose a relitigation of facts in a dischargeability proceeding. *In re Haisfield Enter. of Florida*, 154 B.R. 803, 806 (Bankr.S.D.Fla.1993) (citations omitted). Collateral estoppel is applicable when—

(1) The issue at stake is identical to the one involved in the prior litigation;

(2) the issue has been actually litigated in the prior suit;

(3) the determination of the issue in the prior litigation was critical and necessary part of the judgment in that action; and

(4) the party against whom the earlier decision is asserted must have had a full and fair opportunity to litigate the issue in the earlier proceeding.

*Matter of McWhorter*, 887 F.2d 1564 (11th Cir.1989).

There can be no dispute that the issue of whether the Debtor brought the District Court Action against Aetna in bad faith was actually litigated in the prior suit, that the determination that the Debtor did bring the suit in bad faith was a critical and necessary part of the judgment in that action, and that the Debtor had a full and fair

opportunity to litigate that issue. The only remaining element of whether collateral estoppel is applicable is the question of whether the bringing of the prior action in bad faith is the same issue as causing willful and malicious injury to Aetna. " ' "[W]illful" means deliberate and intentional. "Malicious," as used in § 523(a)(6), means "wrongful and without just cause or excessive even in the absence of personal hatred, spite or ill will." ' " *Haisfield,* 154 B.R. at 807 (quoting *In re Scotella,* 18 B.R. 975, 977 (Bankr. N.D.Ill.1982)). There can be no dispute that the Debtor intended to bring the District Court Action against Aetna. Further, it is beyond debate that a finding that the Debtor brought the District Court Action in bad faith is analogous to bringing an action without just cause. Consequently, the Court finds that all the elements of collateral estoppel are present in this action.

The court in *In re Orrick,* 51 B.R. 92 (Bankr.N.D.Okl.1985) considered a case involving remarkably similar facts. In that case, the debtor caused his car to be destroyed by fire. The debtor then brought an action to recover from the insurance company. The insurance company prevailed at trial and was awarded attorneys' fees and costs. Upon the Debtor's filing bankruptcy, the insurance company filed a complaint objecting to the discharge of the attorneys' fees and costs. The Bankruptcy Court determined that collateral estoppel was applicable and the debt for attorneys' fees and costs was nondischargeable under 11 U.S.C. § 523(a)(6). Likewise, the attorneys' fees and costs incurred by Aetna in the District Court Action should be nondischargeable. Accordingly, it is

ORDERED AND ADJUDGED that Aetna's motion for partial summary judgment is granted and the attorneys' fees and costs incurred by Aetna in defending the District Court Action are nondischargeable.

DONE AND ORDERED.