In re Therman **WILLIAMS.**

Emma **DAVIS, Plaintiff,**

v.

Therman **WILLIAMS, Defendant.**

Bankruptcy No. 94–14017 S.
Adv. No. 94–4504.

United States Bankruptcy Court,
W.D. Arkansas,
Texarkana Division.

Oct. 6, 1994.

---

Nelson V. Shaw, Texarkana, AR, for plaintiff.

Wm. Randal Wright, Hope, AR, for debtor-defendant.

### ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

MARY D. SCOTT, Bankruptcy Judge.

THIS CAUSE is before the Court upon the plaintiff's Motion for Summary Judgment, filed on September 19, 1994. Pursuant

to Court request, the debtor defendant filed a response on September 27, 1994. The plaintiff seeks to have a debt held nondischargeable, pursuant to Bankruptcy Code section 523(a)(6), on the grounds that the debtor defendant wilfully and maliciously injured her. The motion for summary judgment requests that this Court apply the doctrine of collateral estoppel inasmuch as a jury previously found that the debtor was "guilty of striking Emma Davis with the intent to injure her." The jury awarded plaintiff $43,657.05 in compensatory damages and $6,342.95 in punitive damages. The debtor admits that judgment was entered, but denies the jury finding "guilty of striking .. with the intent to injure" constitutes, as a matter of law, wilful and malicious injury within the meaning of section 523(a)(6). Debtor's response merely asserts that there are issues of material fact to be determined and, thus, "this Court should determine from a hearing of the evidence to be presented whether this is a dischargeable debt."

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a), 1334. Moreover, this Court concludes that this is a "core proceeding" within the meaning of 28 U.S.C. § 157(b) as exemplified by 28 U.S.C. § 157(b)(2)(I).

■ The question for this Court is whether the issues in the state court litigation and this litigation are the same.[1] Specifically, the Court must determine whether the jury finding of an intent to injure, together with an award of punitive damages, is the same as a wilful and malicious injury under 11 U.S.C. § 523(a)(6) such that the principles of collateral estoppel will apply to make the debt nondischargeable. If the issues in the state court proceeding are the same as the issues in this proceeding, judgment must be entered in favor of the plaintiff.

■ The Bankruptcy Code provides that:

A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

(6) for wilful and malicious injury by the debtor to another entity or to the property of another entity.

11 U.S.C. §. 523(a)(6). "Wilful" means an intentional act and "malicious" means a wrongful act done without just cause or excuse. *Aetna Casualty & Surety Co. v. Lentine,* 166 B.R. 476 (Bankr.S.D.Fla.1994); *E'Chavarrie v. West (In re West),* 163 B.R. 133, 140 (Bankr.N.D.Ill.1993). Malice is demonstrated by evidence that the debtor had knowledge of the creditor's rights and that, with that knowledge, proceeded to take action in violation of those rights. *In re Posta,* 866 F.2d 364, 367 (10th Cir.1989). There is no requirement that the debtor acted out of personal hatred, spite or ill will. *Lentine,* 166 B.R. at 478; *West,* 163 B.R. at 140. Rather, the focus is upon the debtor's actual knowledge or the foreseeability that his conduct will result in injury to the creditor. *Hilliard v. Peel (In re Peel),* 166 B.R. 735, 739 (Bankr.W.D.Okla.1994). The moralistic notion of the "wrongfulness" of conduct is not the focus of proof under the statute. *Id.* Thus, in this case, to carry her burden of proof of wilfulness and malice for purposes of section 523(a)(6), the plaintiff must demonstrate that the debtor intentionally struck her without just cause or excuse.

■ When the elements of this section 523(a)(6) action are compared to the elements of the state court assault and battery action, it is clear that the issues are the same. In the state court litigation, the plaintiff obtained a judgment and finding of the essential elements of a civil assault and battery action under Arkansas law, to wit: that the debtor struck her with an intent to injure. *See Childs v. Berry,* 268 Ark. 970, 597 S.W.2d

---

1. It is well-settled that collateral estoppel principles apply in dischargeability proceedings before the bankruptcy court. *See Grogan v. Garner,* 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991); *In re Speight,* 16 F.3d 287 (8th Cir.1994); *Johnson v. Miera (In re Miera),* 926 F.2d 741 (8th Cir.1991). Although the debtor does not discuss or even point to any element of the collateral estoppel doctrine he believes is subject to dispute, the denial would appear to raise the ground of whether the issues are the same. *See generally Miera,* 926 F.2d at 743 (listing the elements for application of collateral estoppel). There does not appear to be any reasonable dispute as to the remaining elements of the doctrine.

134 (Ark.Ct.App.1980) (granting summary judgment on liability). In addition, the jury found that punitive damages were merited. Under Arkansas law, in order to recover punitive damages, a plaintiff must demonstrate that defendant committed a wilful or malicious wrong. *Cassady v. United Insurance Company of America*, 370 F.Supp. 388 (W.D.Ark.1974); *Matthews v. Rodgers*, 279 Ark. 328, 651 S.W.2d 453 (Ark.1983). *See also Union National Bank v. Mosbacher*, 933 F.2d 1440, 1446 (8th Cir.1991), *cert. denied*, —— U.S. ——, 112 S.Ct. 870, 116 L.Ed.2d 775 (1992).

It is uncontested that debtor struck the plaintiff, causing her physical injury. In the state court litigation, the jury found that the debtor intended to cause the harm, meeting the element of wilfulness, and, by imposing punitive damages, found the element of malice.[2] Upon this determination, the jury determined, under Arkansas law, that the debtor intended to cause plaintiff harm, that he was aware that a beating would cause plaintiff physical harm, and that the beating was targeted at plaintiff. Thus, for collateral estoppel purposes, there has been a finding on the merits that the debtor wilfully and maliciously caused damage to the plaintiff. *Compare Johnson v. Miera (In re Miera)*, 926 F.2d 741 (8th Cir.1991). The issues of wilfulness and malice were directly placed in litigation, not only on the liability portion of the judgment, but also litigated as a necessary and essential determination for purposes of an award of punitive damages. Debtor admits that the findings, as well as a final judgment, exist. Accordingly, the plaintiff has met her burden on summary judgment such that principles of collateral estoppel will apply to preclude relitigation of the issues of wilfulness and malice.

The only defense raised by the debtor is his assertion that the "Court should determine from a hearing of the evidence to be presented whether this is a dischargeable debt." Rule 56, Federal Rules of Civil Procedure, provides that summary judgment shall be granted where the pleadings, depositions, answers to interrogatories, admissions or affidavits show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Burnette v. Dow Chemical Company*, 849 F.2d 1269, 1273 (10th Cir.1988). As the Supreme Court has made clear, "summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" *Celotex*, 477 U.S. at 327, 106 S.Ct. at 2555.

After the movant has made a properly supported summary judgment motion, "the nonmovant [has] the burden of setting forth specific facts showing the existence of a genuine issue of fact for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). The nonmovant may not rely on the allegations or denials in its pleadings to establish a genuine issue of fact, but must come forward with an affirmative showing of evidence. *Anderson*, 477 U.S. at 250, 106 S.Ct. at 2511. Debtor has come forward with no evidence or argument which precludes the application of the doctrine of collateral estoppel in this case.

Accordingly, the entire amount of debt reflected in the judgment,[3] in the amount of $50,000, plus interest, is nondischargeable in this bankruptcy proceeding.

**ORDERED** that the Plaintiff's Motion for Summary Judgment, filed on March 30, 1994, is GRANTED.

**IT IS SO ORDERED.**

### JUDGMENT

This action came on before the Court, Honorable Mary Davies Scott, U.S. Bank-

---

**2.** This Court does not hold that there must be a finding that punitive damages are merited in order to apply collateral estoppel for section 523(a)(6) purposes. Since the plaintiff has submitted only the judgment and the jury findings in support of the motion for summary judgment, the award of punitive damages is important to the determination of the motion.

**3.** The amount of nondischargeable debt includes not only actual damages, but also punitive damages, *Miera*, 926 F.2d at 745.

ruptcy Judge, presiding, upon the plaintiff's motion for summary judgment, and the issues having been duly submitted and a decision having been duly rendered,

**It is Ordered and Adjudged** that the debt owed by the debtor Therman Williams to Emma Davis, in the amount of $50,000, plus interest, as reflected in the state court judgment in Davis v. Williams, No. CIV–91–113, is nondischargeable in this bankruptcy case pursuant to 11 U.S.C. §§ 523(a)(6), 727.

**IT IS SO ORDERED.**