**In re Jimmy Ray PULLEY.**

**Jimmy Ray PULLEY, Plaintiff,**

v.

**Jerry LANGFITT, Defendant.**

**Bankruptcy No. 93–16199 S.**
**Adv. No. 94–6529.**

United States Bankruptcy Court,
W.D. Arkansas,
Hot Springs Division.

April 28, 1995.

John Ogles, for plaintiff/debtor.

Tony Huffman, for defendant.

### ORDER DENYING MOTION FOR SUMMARY JUDGMENT

MARY D. SCOTT, Bankruptcy Judge.

THIS CAUSE is before the Court upon the debtor plaintiff's Motion for Summary Judgment, filed on April 14, 1995, to which the defendant has failed to respond.[1] The debtor reopened his bankruptcy case to file this adversary proceeding which requests that the Court find a debt be declared discharged. The creditor defends this suit on the grounds that the debt was for wilful and malicious injury such that it is nondischargeable pursuant to section 523(a)(6).

In July 1993, the creditor Jerry Langfitt obtained a judgment against the debtor in the amount of $131,360.61 from the Superior Court of the State of California. Purportedly unaware of this debt, the debtor did not list this debt on his bankruptcy petition, filed on May 11, 1993.[2] The debtor moves for summary judgment, asserting that the defendant cannot meet his burden of demonstrating that the debt was due to wilful and malicious injury. In support of this assertion, the debtor shows only that the Superior Court in California did not impose punitive damages.

While it is true that an imposition of punitive damages will support a finding that

1. The fact that defendant's counsel has moved to withdraw as counsel does not relieve him of the duty to represent his client until such time as an Order is entered granting permission to withdraw as counsel.

2. Inasmuch as the judgment was not entered until after the bankruptcy case was filed, it is presumptively "invalid." *See Reichenbach v. Kizer (In re Reichenbach)*, 174 B.R. 997 (Bankr. E.D.Ark.1994), *appeal filed*, No. 5–95cv48 (E.D.Ark. filed Dec. 15, 1994). Thus, it does not appear that collateral estoppel would apply.

an act was done wilfully and maliciously for dischargeability purposes, *In re Williams (Davis v. Williams),* 173 B.R. 912 (Bankr. W.D.Ark.1994), the converse is not necessarily true. That is, the fact that the trial court did not impose punitive damages is insufficient to demonstrate that the creditor cannot carry his burden of proof. The fact that punitive damages were not imposed does not necessarily negate a finding of wilful and malicious injury by the state court. The evidence submitted does not even indicate the nature of the cause of action litigated in the state court proceeding. If collateral estoppel applied, the judgment of the Superior Court alone is insufficient to grant summary judgment on this issue. *See generally, Johnson v. Miera (In re Miera),* 926 F.2d 741, 743 (8th Cir.1991) (requiring court to examine state court record to determine collateral estoppel issues). Accordingly, it is

**ORDERED** that the Motion for Summary Judgment, filed by the debtor on April 14, 1995, is DENIED.

**IT IS SO ORDERED.**