In re James D. FOUST, Debtor.

UNITED STATES of America, Appellant,

v.

James D. FOUST, Appellee.

No. 94–1758SI.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 14, 1994.

Decided April 20, 1995.

Rehearing Denied June 23, 1995.

Kevin R. Query, Des Moines, IA, argued, for appellant.

John H. Neiman, West Des Moines, IA, argued, for appellee.

Before RICHARD S. ARNOLD, Chief Judge, HEANEY, Senior Circuit Judge, and FAGG, Circuit Judge.

PER CURIAM.

The government appeals the district court's reversal of the bankruptcy court's decision to deny James Foust a discharge of debts owed to the Small Business Administration (SBA) and the Farmers Home Administration (FmHA). *See* 11 U.S.C. § 523(a) (1988). We reverse and remand with instructions to reinstate the bankruptcy court's decision denying James Foust a discharge.

James Foust and his brother John operated Foust Brothers Farms, Inc., a corporation that farmed several hundred acres in south-central Iowa. The Foust brothers also owned or controlled nearly twenty other corporations, which the Fousts used to conduct various farm-related activities. In 1984 and 1985, the Fousts obtained disaster farm loans for Foust Brothers Farms from the SBA and FmHA. The FmHA loan was secured by the Fousts' 1985 crops and crop proceeds. The Fousts made only three payments on the SBA loan and no payments on the FmHA loan before John and James Foust filed bankruptcy petitions in 1988.

On behalf of the SBA and FmHA, the government filed bankruptcy claims against each brother and sought to have both Fousts denied a bankruptcy discharge of the SBA and FmHA debts. After a seven-day trial, the bankruptcy court issued a detailed opinion concluding both James and John Foust should be denied a discharge of the SBA and FmHA debts, because the Fousts had obtained the loans from the SBA and FmHA by actual fraud, *see* 11 U.S.C. § 523(a)(2)(A) (1988), and had willfully and maliciously converted the FmHA's security interest in the Fousts' crops and crop proceeds, *see* 11 U.S.C. § 523(a)(6) (1988). The bankruptcy court determined that James and John Foust defrauded the SBA and FmHA by intentionally misleading the agencies into believing Foust Brothers Farms, the recipient of the disaster loans, was run separately from the Fousts' other corporations, when in fact the

Fousts operated all their corporations with mixed assets and funds. The bankruptcy court found the Fousts' deception prevented the SBA and FmHA from fully assessing the creditworthiness of the Fousts' farming operation when the agencies made the loans. The bankruptcy court also determined James and John Foust had willfully and maliciously converted the FmHA's security interest in the Fousts' 1985 crops by selling the crops to distant grain elevators and placing the proceeds in the Fousts' personal bank accounts at a time when payments on the FmHA loan were coming due. The court found the Fousts attempted to cover up the conversion by reporting extremely small yields for 1985 and by claiming someone had stolen the grain from their silo.

On appeal to the district court, the district court took testimony from James Foust and reversed the bankruptcy court's decision to deny James Foust a discharge. The district court found James Foust had relatively little involvement in the financial operations of the Fousts' corporations and was not as sophisticated as John Foust. Concluding § 523(a) required the government to prove its claims by clear and convincing evidence, the district court determined the government failed to show James Foust had intentionally defrauded the SBA and the FmHA, or had willfully and maliciously converted the FmHA's collateral.

■ The government now contends the district court committed error by supplementing the bankruptcy court's record with James Foust's testimony. We agree. Because the district court was sitting as an appellate court reviewing the bankruptcy court's decision to deny discharge, the district court should not have taken additional testimony from James Foust. *See Branding Iron Motel, Inc. v. Sandlian Equity, Inc. (In re Branding Iron Motel, Inc.)*, 798 F.2d 396, 399 (10th Cir.1986).

■ We also agree with the government's contention that the district court committed error by concluding the government had to prove its claims by clear and convincing evidence. In *Grogan v. Garner*, 498 U.S. 279, 291, 111 S.Ct. 654, 661, 112 L.Ed.2d 755 (1991), the Supreme Court held that the pre-

ponderance of the evidence standard applies to the dischargeability exceptions in § 523(a). Thus, the district court erroneously held the government to a higher standard of proof than § 523(a) requires.

■ Despite the district court's errors, we need not remand this case for reconsideration by the district court. When reviewing a bankruptcy court's decision to deny discharge, we apply the same standard of review that the district court is supposed to apply: we review the bankruptcy court's factual findings for clear error and its conclusions of law de novo. *Sinclair Oil Corp. v. Jones (In re Jones )*, 31 F.3d 659, 661 (8th Cir.1994). Although the district court's conclusions about the bankruptcy court's decision may carry some persuasive weight, our appellate review of the bankruptcy court's decision is independent of the district court's opinion. *See Heartland Fed. Sav. & Loan Ass'n v. Briscoe Enters., Ltd. (In re Briscoe Enters., Ltd.)*, 994 F.2d 1160, 1163 (5th Cir.), *cert. denied*, —— U.S. ——, 114 S.Ct. 550, 126 L.Ed.2d 451 (1993). Thus, instead of remanding the case for further review by the district court, we can proceed independently to review the bankruptcy court's decision based on the bankruptcy court's record.

■ Having reviewed the bankruptcy court's record, we find ample support for the bankruptcy court's conclusion that James Foust should be denied a discharge. James Foust was a director of several of the Fousts' corporations, was well aware of how the corporations were run, signed loan agreements and supporting documents for the SBA and FmHa, and never disclosed the fact that the Fousts did not keep the assets or finances of Foust Brothers Farms separate from their other corporations. Thus, the evidence supports the bankruptcy court's finding that James Foust intentionally defrauded the SBA and FmHA. *See Caspers v. Van Horne (In re Van Horne)*, 823 F.2d 1285, 1288 (8th Cir.1987) (intentional nondisclosure of material fact can be actual fraud under § 523(a)(2)(A)). The bankruptcy court's record also shows that in late 1985 and early 1986, James Foust sold significant amounts of corn to grain elevators along the Missis-

sippi River, deposited proceeds from the grain sales in his personal bank account, and participated in reporting purported thefts of grain from the Fousts' silo. We believe this evidence was sufficient for the bankruptcy court to find James Foust knowingly took grain subject to the FmHA's security interest, sold the grain far from the Fousts' farms to conceal the sales, put the proceeds in his personal account, and fabricated reports of grain thefts to cover up the scheme, all at a time when payments on the FmHA loan were coming due. Thus, the evidence also supports the bankruptcy court's finding that James Foust knowingly converted the FmHA's security interest and knew the conversion would almost certainly harm the FmHA, as required for a willful and malicious conversion under § 523(a)(6). *See Barclays Am./Business Credit, Inc. v. Long (In re Long)*, 774 F.2d 875, 881 (8th Cir.1985).

Accordingly, we reverse and remand with instructions to reinstate the bankruptcy court's decision denying James Foust a discharge of debts owed to the SBA and FmHA.