**In re Ian David ABBO, Debtor.**

**ROSSI, McCREERY AND ASSOC., INC. et al., Plaintiffs,**

**v.**

**Ian David ABBO, Defendant.**

Adv. No. 92–3577.
Bankruptcy No. 92–33391.

United States Bankruptcy Court,
N.D. Ohio,
Western Division.

March 1, 1996.

Jack Brady, Toledo, Ohio, for Plaintiffs.

**OPINION AND ORDER GRANTING PLAINTIFF SCOTT ROSSI SUMMARY JUDGMENT AGAINST DEBTOR, EXCEPTING JUDGMENT OWED TO SCOTT ROSSI FROM DISCHARGE, GRANTING DEBTOR SUMMARY JUDGMENT AGAINST ROSSI, McCREERY AND ASSOC., INC. AND DISMISSING ROSSI, McCREERY AND ASSOC., INC.'S COMPLAINT WITH PREJUDICE**

WALTER J. KRASNIEWSKI,
Bankruptcy Judge.

This matter is before the Court on the Court's own motion as to why plaintiff Scott Rossi ("Rossi") should not be granted summary judgment against the defendant/Debtor Ian David Abbo (the "Debtor") in Rossi's action which seeks to except from discharge under § 523(a)(6) a state court judgment based on a jury verdict (the "State Judgment"). The Court has further raised the issue of the Debtor's entitlement to summary judgment against plaintiff Rossi, McCreery and Assoc., Inc. ("RMA"). The parties have filed briefs in support of their respective positions. The plaintiffs have provided the Court with a copy of their state court complaint, a transcript of the state court proceedings, a transcript of the Honorable Judge Robert Franklin's charge to the jury, and a certified copy of the judgment entered by the state court. The Debtor has provided the Court with a voluminous array of exhibits that he requested the Court to consider. Based on the evidence before the Court, the Court concludes that Rossi should be granted summary judgment against the Debtor. The Court further concludes that the Debtor's obligations to Rossi for compensatory damages of $8,420.00 and punitive damages of $50,000.00 arising from the State Judgment should be excepted from discharge. In addition, the Court finds that the Debtor should be granted summary judgment against RMA. Lastly, the Court finds that RMA's complaint against the Debtor should be dismissed with prejudice.

## FACTS

### Proceedings in the Instant Bankruptcy Case

Rossi and RMA filed this complaint to determine dischargeability on December 12, 1992.

Rossi premises his action under § 523(a)(6) on the State Judgment entered in the Lucas County Court of Common Pleas ("State Court") which judgment was based on a jury verdict. The State Court awarded Rossi actual and punitive damages in his actions against the Debtor for abuse of process and malicious prosecution. *Rossi, McCreery & Assoc., Inc. et al. v. Abbo*, Case No. 89–0968 (Ct.Comm.Pl. November 5, 1991), *mot'n new trial denied,* (Ct.Comm.Pl. December 2, 1991), *affirmed,* Case No. L–91–435, 1993 WL 452021 (Ohio Ct.App. November 5, 1993).

RMA alleges that the contract damages which it was awarded against the Debtor in the State Judgment are nondischargeable under § 523(a)(6).

The Debtor filed his answer on January 11, 1993.

Approximately eleven months later, on December 3, 1993, the Debtor filed a motion for a jury trial. Based on the Debtor's jury demand, the Honorable Richard Speer transferred this adversary proceeding to the District Court. The Honorable District Court Judge David Dowd withdrew the reference of this adversary proceeding sua sponte on February 8, 1994. The Honorable District Court Judge James Carr referred this adversary back to the Bankruptcy Court in September, 1994, finding that the issue of dischargeability was not triable before a jury. *See Rossi, McCreery & Assoc., Inc. et al. v. Abbo,* Case No. 3:94CV7073 at p. 2 (N.D.Ohio September 22, 1994), *motion reconsider denied,* Case No. 3:94CV7073 (N.D.Ohio December 16, 1994), *appeal dismissed,* Case Nos. 94–4099, 95–3098 (6th Cir. August 15, 1995), *rehearing denied,* (6th Cir. September 25, 1995), *cert. denied,* —— U.S. ——, 116 S.Ct. 951, 133 L.Ed.2d 875 (1996).

Chief Bankruptcy Judge James Williams reassigned the instant adversary proceeding to this Court on December 15, 1995 after Judge Speer recused himself on equitable grounds.

### Proceedings in the State Trial Court

In the State Court action, Rossi alleged that the Debtor maliciously prosecuted numerous criminal complaints against him, which criminal complaints were ultimately dismissed. According to the complaint in the State Court proceeding (the "State Complaint"), the Debtor maliciously and intentionally filed false police reports against Rossi alleging criminal acts including criminal damaging, aggravated menacing, and assault. *See* State Complaint, at pp. 3–4, para. 9–17. The State Complaint alleged that the Debtor filed such criminal complaints with malicious intent and with the knowledge that the information which he provided to the police was "false and/or perjured". *See* State Complaint, at pp. 3–4, para. 10–16.

Rossi also alleged that the Debtor maliciously filed a false civil complaint which represented an abuse of the civil judicial process. *See* State Complaint, at pp. 4–5, para. 18. The Debtor's state court civil complaint allegedly sought damages for substantially the same conduct which formed the basis for the Debtor's criminal complaints against Rossi. The Debtor's civil complaint against Rossi was dismissed.

RMA alleged that the Debtor breached a contract for architectural services between the Debtor and RMA.

In October, 1991, the State Court held a three-day jury trial on Rossi's claims against the Debtor for malicious prosecution and abuse of process. The State Court also heard RMA's breach of contract claim.

In charging the jury on the issue of malicious prosecution, the Honorable Robert Franklin stated that:

the plaintiff must prove by the greater weight of the evidence the following: (A) the malicious filing of a prior case or lawsuit against the plaintiff by the defendant. (B) The lack of probable cause for filing of that prior lawsuit. (C) The ending of the prior lawsuit in the plaintiff's favor. And (D), all of which items set forth in A, B and C caused the plaintiff injury or damages.

*See* Transcript of Jury Instructions in the Court of Common Pleas of Lucas County, Ohio, In re: *Rossi, McCreery & Associates, Inc. et al. v. Abbo,* Case No. CI 89–0968 (hereinafter the "Jury Instructions"), at pp. 13–14.

Judge Franklin defined "malice" for the jury as:

an attitude or state of mind that makes a person knowingly do an act for an improper or wrongful purpose. It includes the wrongful act intentionally done and without probable cause. It also includes an intent to annoy or injure another, although ill will or personal hostility are not required.

Malice may, but need not be inferred from the absence of probable cause. The existence of malice may be determined from all of the facts and circumstances in the evidence.

*See* Jury Instructions, at p. 15.

On Rossi's claim for abuse of process, Judge Franklin charged the jury that Rossi was required to prove:

by the greater weight of the evidence that the defendant used the legal process for an ulterior purpose; (B) The Defendant intentionally filed both civil and criminal charges against Scott Rossi to annoy and aggravate the plaintiffs and that this was not a proper use in the regular conduct of the proceedings, and (C) that the plaintiff ... was directly injured or damaged by the wrongful use of this process for an ulterior purpose.

The ulterior purpose or motive may be inferred from the wrongful use made of the process, but the use itself may not be inferred from the ulterior motive.

*See* Jury Instructions, at pp. 19–20.

In addition to charging the jury on the issue of actual damages, Judge Franklin instructed the jury on the issue of punitive damages as follows:

[p]unitive damages may be awarded against the defendant as a punishment to discourage others from considering other wrongful acts. You are not required to award punitive damages to the plaintiff, and you may not do so unless you find by the greater weight of the evidence that the defendant acted with insult and actual malice.

Insult means any act or remark that is consciously or intentionally scornful or humiliating. Actual malice is that state of mind under which a person is characterized by hatred, ill will or a spirit of revenge or a conscious disregard for the rights and safety of other persons that has a great probability of causing substantial harm.

.... If you award punitive damages, the amount should be fair and reasonable under all the facts and circumstances. It should not be excessive nor actuated by passion or prejudice. The amount of the punitive damages rests in the sound judgment of the jury and should be determined from all of the evidence in the case.

*See* Jury Instructions, at pp. 17–18.

On November 5, 1991, the State Court entered the State Judgment in Rossi's favor based on the jury's verdict. The State Court awarded Rossi actual damages of $6,720.00 and punitive damages of $10,000.00 based on the jury's verdict on his malicious prosecution claim. The State Court further awarded Rossi actual damages of $1,700.00 and $40,000.00 in punitive damages based on the jury's verdict on his abuse of process claim. In addition, the State Court awarded RMA judgment in the amount of $29,000.00 on its contract claim.

The Debtor failed in his appeal of the State Judgment. The Debtor also failed in his collateral attack on the State Judgment. *See Rossi, McCreery & Assoc., Inc. et al. v. Abbo,* Case No. 89–0968 (Ohio Ct.Comm.Pl. August 16, 1993), *affirmed,* 1994 WL 424084, Case No. L–93–273 (Ohio Ct.App. August 12, 1994), *appeal dismissed,* 71 Ohio St.3d 1444, 644 N.E.2d 407 (1995), *reconsideration denied,* 71 Ohio St.3d 1481, 645 N.E.2d 1260 (1995).

## DISCUSSION
## STANDARD FOR SUMMARY JUDGMENT

The Sixth Circuit has stated that:

[s]ummary judgment is appropriate when the moving party shows that there is 'no

genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.' Fed.R.Civ.P. 56(c). There is no genuine issue of material fact when 'the record taken as a whole could not lead a rational trier of fact to find for the non-moving party....' *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 [106 S.Ct. 1348, 1356, 89 L.Ed.2d 538] (1986).

*Dollar Corp. v. Zebedee (In re Dollar Corp.)*, 25 F.3d 1320, 1322 (6th Cir.1994).

## APPLICATION OF STANDARD FOR SUMMARY JUDGMENT TO THE INSTANT ADVERSARY

### APPLICABLE STATUTE

Section 523(a) of title 11 provides that:

[a] discharge under section 727 ... of this title does not discharge an individual debtor from any debt—

... (6) for willful and malicious injury by the debtor to another entity or to the property of another entity[.]

11 U.S.C. § 523(a)(6).

### BURDEN OF PROOF

■ In applying the Supreme Court's decision in *Grogan v. Garner* which held that the preponderance of the evidence standard applies in dischargeability actions under § 523(a)(2), courts have held that a plaintiff in an action under § 523(a)(6) bears the burden of proof by the preponderance of the evidence. *United States v. Foust (In re Foust)*, 52 F.3d 766, 768 (8th Cir.1995) (citing *Grogan v. Garner*, 498 U.S. 279, 291, 111 S.Ct. 654, 661, 112 L.Ed.2d 755 (1991)); *Transamerica Commercial Finance Corp. v. Littleton (In re Littleton)*, 942 F.2d 551, 554 (9th Cir.1991) (citing *Grogan*); *Bethesda Hospital v. Kessnick (In re Kessnick)*, 174 B.R. 481, 484 (S.D.Ohio 1994) (citing *Grogan*) (other citations omitted). Judge Franklin charged the jury on this same standard in the State Court action.

■ The plaintiffs also bear the burden of establishing that the requirements of collateral estoppel have been met. *Spilman v. Harley*, 656 F.2d 224, 229 (6th Cir.1981).

## WHETHER THE DEBTOR WILLFULLY AND MALICIOUSLY INJURED ROSSI

### *Whether the Debtor is Collaterally Estopped from Arguing That His Debt to Rossi for Malicious Prosecution Constituted a Willful and Malicious Injury*

■ The State Court judgment for malicious prosecution is entitled to collateral estoppel effect on the issue of whether the Debtor willfully and maliciously injured Rossi under § 523(a)(6). *See Grogan*, 498 U.S. at 285 n. 11, 111 S.Ct. at 658 (collateral estoppel applies in actions under § 523(a)).

■ "The bankruptcy court's otherwise broad powers do not include the power to reject a party's invocation of collateral estoppel on an issue fully and fairly litigated in another court." *Bugna v. McArthur (In re Bugna)*, 33 F.3d 1054, 1058 (9th Cir.1994); *Gouveia v. Tazbir*, 37 F.3d 295, 300–01 (7th Cir.1994); *Johnson v. Laing (In re Laing)*, 945 F.2d 354, 357–59 (10th Cir.1991); *First Jersey Nat'l Bank v. Brown (In re Brown)*, 951 F.2d 564, 568–70 (3rd Cir.1991); *Kelleran v. Andrijevic*, 825 F.2d 692, 694–95 (2nd Cir.1987), *cert. denied*, 484 U.S. 1007, 108 S.Ct. 701, 98 L.Ed.2d 652 (1988); *Boyajian v. DeFusco (In re Giorgio)*, 862 F.2d 933, 936–37 (1st Cir.1988).

■ In accordance with 28 U.S.C. § 1738, this Court must apply Ohio's law of collateral estoppel. *Rally Hill Productions, Inc. v. Bursack (In re Bursack)*, 65 F.3d 51, 53 (6th Cir.1995) (citing *Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373, 386, 105 S.Ct. 1327, 1334–35, 84 L.Ed.2d 274 (1985)); *see also Gayden v. Nourbakhsh (In re Nourbakhsh)*, 67 F.3d 798, 800 (9th Cir. 1995) (per curiam); *Garner v. Lehrer (In re Garner)*, 56 F.3d 677, 679 (5th Cir.1995); *Hagan v. McNallen (In re McNallen)*, 62 F.3d 619, 624 (4th Cir.1995); *St. Laurent v. Ambrose (In re St. Laurent)*, 991 F.2d 672, 675–76 (11th Cir.1993) (applying state law of collateral estoppel).

■ Under Ohio law,

if an issue of fact or law actually is litigated and determined by a valid and final judgment, such determination being essential to that judgment, the determination is

conclusive in a subsequent action between the parties, whether on the same or a different claim.

*Hicks v. De La Cruz,* 52 Ohio St.2d 71, 369 N.E.2d 776, 777 (1977) (per curiam); *see also Goodson v. McDonough Power Equipment, Inc.,* 2 Ohio St.3d 193, 443 N.E.2d 978, 981 (1983) (describing collateral estoppel as "the preclusion of the relitigation in a second action of an issue or issues that have been actually and necessarily litigated and determined in a prior action") (citing *Whitehead v. Gen. Tel. Co.,* 20 Ohio St.2d 108, 254 N.E.2d 10 (1969)).

Here, as in *Laganella v. Braen (In re Braen),* the Court finds that a state court judgment for malicious prosecution is entitled to collateral estoppel effect in an action under § 523(a)(6). *Laganella v. Braen (In re Braen),* 900 F.2d 621, 626–28 (3rd Cir. 1990), cert. denied, 498 U.S. 1066, 111 S.Ct. 782, 112 L.Ed.2d 845 (1991); *see also York v. Shepherd (In re Shepherd),* 56 B.R. 218, 219–20 (W.D.Va.1985) (holding that debtor was collaterally estopped from contesting dischargeability of state court judgment for malicious prosecution); *Hunnicutt v. Wellever (In re Wellever),* 103 B.R. 856, 857–60 (Bankr.W.D.Mich.1989) (holding that debtor was collaterally estopped from contesting dischargeability of state court judgment for malicious prosecution); *Hardin v. Caldwell (In re Caldwell),* 60 B.R. 214, 218–19 (Bankr. E.D.Tenn.1986) (holding that state court judgment for malicious prosecution was entitled to collateral estoppel effect); *Kasey v. Waters (In re Waters),* 38 B.R. 277, 278–79 (Bankr.W.D.Ky.1984) (holding that state court judgment for malicious prosecution was entitled to collateral estoppel effect); *Sanford v. Hanson (In re Hanson),* 45 B.R. 60, 61–63 (Bankr.D.N.D.1984) (holding that debtor was collaterally estopped from contesting dischargeability of debt based on state court judgment for malicious prosecution); *cf. Wilson v. Schoor (In re Schoor),* 139 B.R. 466, 468 (Bankr.W.D.Mo.1992) (finding that state court judgment for assault and malicious prosecution was entitled to collateral estoppel effect under § 523(a)(6)).

The parties involved in the instant adversary are the same parties involved in the State Court action which resulted in a final judgment against the Debtor for malicious prosecution.

Moreover, the issues of the Debtor's willfulness and malice under § 523(a)(6) are the same issues which the parties fully litigated before a jury in the State Court action for malicious prosecution.

■■■ The Sixth Circuit has defined the word " 'willful' " as " 'deliberate or intentional,' a deliberate and intentional act which necessarily leads to injury." *Perkins v. Scharffe,* 817 F.2d 392, 394 (6th Cir.1987), cert. denied, 484 U.S. 853, 108 S.Ct. 156, 98 L.Ed.2d 112 (1987) (quoting 3 Collier on Bankruptcy 523–111 (15th ed. 1986)). Moreover, the Sixth Circuit has defined "malicious" as "in conscious disregard of one's duties or without just cause or excuse; it does not require ill-will or specific intent to do harm". *Wheeler v. Laudani,* 783 F.2d 610, 615 (6th Cir.1986) (citing *Tinker v. Colwell,* 193 U.S. 473, 486, 24 S.Ct. 505, 508, 48 L.Ed. 754 (1904)) (other citations omitted).

The trial judge's instructions to the jury, which instructions contained essentially the same standard elements as those enunciated by the Sixth Circuit in *Perkins* and *Wheeler,* required the jury to find the Debtor liable for intentional, tortious conduct motivated by a malicious motive in order to return a verdict in favor of Rossi.

■■■ The jury's award of punitive damages further supports the conclusion that the jury found the Debtor's conduct to be willful and malicious. *In re Garner,* 56 F.3d at 681–82; *Combs v. Richardson,* 838 F.2d 112, 117 (4th Cir.1988); *In re Wellever,* 103 B.R. at 859; *In re Caldwell,* 60 B.R. at 218–19; *see also Davis v. Williams (In re Williams),* 173 B.R. 912, 915 (Bankr. W.D.Ark.1994) (footnote omitted); *Forrester v. Staggs (In re Staggs),* 178 B.R. 767, 774–75 n. 4 (Bankr.N.D.Ind.1994) (citations omitted); *cf. Crawford v. Dine (In re Dine),* 116 B.R. 101, 105 (Bankr.S.D.Ohio 1990) (finding that state court's award of punitive damages supported conclusion that debtor's fraudulent conduct also constituted a willful and malicious injury to plaintiff). Under Ohio law, "a positive element of conscious wrongdoing is

always required" to support an award of punitive damages. *Preston v. Murty*, 32 Ohio St.3d 334, 512 N.E.2d 1174, 1176 (1987). Moreover, in order to award Rossi punitive damages the jury was required to find that the Debtor's conduct constituted "a conscious disregard for the rights and safety of other persons that has a great probability of causing substantial harm." *Preston*, 512 N.E.2d at 1176. These legal prerequisites for an award of punitive damages were embodied in Judge Franklin's charge to the jury.

Furthermore, the issues of wilfulness and malice were essential to the State Judgment.

### Whether the Debtor is Collaterally Estopped from Arguing That His Debt to Rossi for Abuse of Process Constituted a Willful and Malicious Injuries

■ Likewise, the State Judgment is entitled to collateral estoppel effect on the issue of whether Rossi's abuse of process claim represents a willful and malicious injury under § 523(a)(6). *See Papadakis v. Zelis (In re Zelis)*, 66 F.3d 205 (9th Cir.1995) (holding that sanctions imposed by state court were entitled to collateral estoppel effect in action for willful and malicious injury under § 523(a)(6)); *Marine Midland Bank, N.A. v. Huber (In re Huber)*, 171 B.R. 740 (Bankr. W.D.N.Y.1994) (holding that judgments by United States District Court and state court which awarded sanctions against debtor were entitled to collateral estoppel effect in actions for willful and malicious injury under § 523(a)(6)).

First, the parties involved in the instant adversary are the same parties involved in the State Court action which resulted in a final judgment against the Debtor for abuse of process.

Second, the issues of the Debtor's willfulness and malice under § 523(a)(6) are the same issues which the parties fully litigated before a jury in the State Court action. In order to return a verdict in Rossi's favor on his cause of action for abuse of process, the jury in the State Court was required to find that the Debtor intentionally abused the civil judicial process. Further, the State Court jury's award of punitive damages against the Debtor embodies their conclusion that his

abuse of the civil judicial process was willful and malicious.

Third, as made plain by Judge Franklin's instructions to the jury on the legal elements for an abuse of process, the conclusion that the Debtor intentionally abused the civil judicial process was essential to the State Judgment for abuse of process.

### Whether the Debtor Has Presented a Material Issue of Fact or Law Which Would Prevent the Application of Collateral Estoppel

Turning to the Debtor's arguments against summary judgment, the Court finds that the Debtor has failed to present a material issue of fact or law which would prevent the application of collateral estoppel to the State Judgment.

At the outset, the Court notes that substantially all of the issues raised in the Debtor's brief were previously raised in his unsuccessful appeal of the State Judgment.

■ Here, as in *In re Braen*, the Court rejects the Debtor's argument that the State Judgment should not be accorded collateral estoppel effect because of the alleged incompetence of his attorney in the State Court action. *In re Braen*, 900 F.2d at 628. "The general rule is that 'ignorance or carelessness of an attorney' does not provide a basis for relief from the effects of an adverse civil judgment." *In re Braen*, 900 F.2d at 629. To hold otherwise "would seriously undermine the doctrine of issue preclusion and impose an unjust burden on prevailing litigants and the legal system". *In re Braen*, 900 F.2d at 629.

■ The Court further rejects the Debtor's argument that he should prevail in this matter because of the plaintiffs' alleged unclean hands. This Court is not free to disregard the plain language of either 11 U.S.C. § 523 or 28 U.S.C. § 1738 based on general equitable principles. *See Gouveia v. Tazbir*, 37 F.3d 295, 300–01 (7th Cir.1994) (finding that bankruptcy court could not utilize 11 U.S.C. § 105 to set aside a valid state court injunction which injunction was entitled to full faith and credit under 28 U.S.C. § 1738); *Childress v. Middleton Arms, L.P. (In re Middleton Arms, L.P.)*, 934 F.2d 723, 725

(6th Cir.1991) (stating that bankruptcy court could not use general equitable powers under § 105 to override the express language of § 327 which governs the employment of professionals); *cf. XL/Datacomp, Inc. v. Wilson (In re Omegas Group, Inc.),* 16 F.3d 1443, 1453 (6th Cir.1994) (quoting *Norwest Bank Worthington v. Ahlers,* 485 U.S. 197, 206, 108 S.Ct. 963, 968, 99 L.Ed.2d 169 (1988) for the proposition that " 'whatever equitable powers remain in the bankruptcy courts must and can only be exercised within the confines of the Bankruptcy Code' " in declining to impose a constructive trust in favor of a creditor) (other citations omitted).

Moreover, the Debtor has failed to present a genuine issue of material fact or law in his argument that the State Judgment resulted from a conspiracy or in his argument that the State Judgment resulted from passion and prejudice.

> 'The bottom line ... is very simple. The debtor has had his day in court and lost.' The issues of intent and malice were fully litigated and necessarily determined in the [prior] proceedings, and the bankruptcy court's application of collateral estoppel [is] proper.

*In re Huber,* 171 B.R. at 750 (quoting *In re Condict,* 71 B.R. 485, 488 (N.D.Ill.1987)).

### Whether the Compensatory Damages Awarded to Rossi are Nondischargeable

 Since the State Judgment is entitled to collateral estoppel effect on the issues of the Debtor's willfulness and malice, the compensatory damages awarded to Rossi in the State Judgment are nondischargeable. *Moraes v. Adams (In re Adams),* 761 F.2d 1422, 1427–28 (9th Cir.1985); *Reynolds–Marshall v. Hallum,* 162 B.R. 51, 56–57 (D.Me.1993).

### Whether the Punitive Damages Awarded to Rossi are Nondischargeable

The punitive damages awarded to Rossi are also nondischargeable because they flow from the Debtor's willful and malicious actions. *Miller v. Harper (In re Harper),* 117 B.R. 306, 313–14 (Bankr.N.D.Ohio 1990) (citations omitted); *see Hagan v. McNallen (In re McNallen),* 62 F.3d 619, 626–27 (4th Cir. 1995); *Johnson v. Miera (In re Miera),* 926

F.2d 741, 745 (8th Cir.1991); *In re Adams,* 761 F.2d at 1427–28; *see also Nationwide Mutual Fire Ins. Co. v. Hale (In re Hale),* 155 B.R. 730, 738–39 (Bankr.S.D.Ohio 1993); *In re Caldwell,* 60 B.R. at 219 (citation omitted); *cf. St. Laurent v. Ambrose (In re St. Laurent),* 991 F.2d 672, 677–79 (11th Cir. 1993) (finding that punitive and actual damages were nondischargeable under § 523(a)(2)(A) where the same fraudulent conduct gave rise to liability).

## WHETHER THE DEBTOR WILLFULLY AND MALICIOUSLY INJURED RMA

### Whether the State Judgment Collaterally Estops the Debtor From Arguing that His Debt to RMA Did Not Constitute a Willful and Malicious Injury

 The State Judgment is not preclusive in RMA's action under § 523(a)(6).

First, the issue of whether the Debtor willfully and maliciously injured RMA or its property was not necessary to the State Court's determination that the Debtor breached his contract with RMA. *Cf. Vaughn v. Quinn (In re Quinn),* 170 B.R. 1013, 1017 (Bankr.E.D.Mo.1994) (finding that state court judgment was not entitled to collateral estoppel effect where finding of willful and malicious injury was not necessary to decide creditor's state law breach of contract claims). Second, the State Judgment did not purport to decide whether the Debtor willfully and maliciously injured RMA or its property.

### Whether the Record Taken as a Whole Could Lead a Rational Trier of Fact to Find for RMA

The record taken as a whole could not lead a rational trier of fact to find for RMA.

 "It is well settled that a simple breach of contract is not the type of injury addressed by § 523(a)(6)." *Snoke v. Riso (In re Riso),* 978 F.2d 1151, 1154 (9th Cir. 1992) (citations omitted); *see Rochester Hills Chrysler Plymouth v. Phillips (In re Phillips),* 153 B.R. 758, 763 (Bankr.E.D.Mich. 1993) (finding that debtor's knowing breach of contract did not represent willful and malicious injury); *Nat'l Bank of Commerce v. Barriger (In re Barriger),* 61 B.R. 506, 508

(Bankr.W.D.Tenn.1986) (finding that debtor's failure to maintain insurance in breach of contract did not constitute willful and malicious injury). "An intentional breach of contract is excepted from discharge under § 523(a)(6) only when it is accompanied by malicious and willful tortious conduct." *In re Riso,* 978 F.2d at 1154 (citations omitted). The Court's analysis of the record taken as a whole indicates that the record could not support a finding by a rational trier of fact that the Debtor's breach of contract with RMA was accompanied by tortious conduct.

Finally, although RMA's brief appears to argue that the Debtor's debt to RMA is nondischargeable because the Debtor obtained services from RMA through fraud, RMA's amended complaint does not state a cause of action for fraud.

In light of the foregoing, it is therefore

ORDERED that the Scott Rossi be, and he hereby is, granted summary judgment against the Debtor. It is further

ORDERED that the Debtor's judgment debt to Scott Rossi in the amount of $8,420.00 for compensatory damages and $50,000.00 for punitive damages be, and it hereby is, excepted from discharge. It is further

ORDERED that the Debtor be, and he hereby is, granted summary judgment against RMA. It is further

ORDERED that RMA's complaint be, and it hereby is, dismissed with prejudice.