**In re William J. HOPPER, Debtor.**

**AUDIO VISUAL SYSTEMS, INC., Plaintiff,**

v.

**William J. HOPPER, Defendant.**

**Bankruptcy No. 86 B 03829 C.
Adv. No. 86 C 0799.**

United States Bankruptcy Court,
D. Colorado.

Feb. 11, 1987.

---

## DECISION AND ORDER

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge, Sitting by Designation.

Heard on January 28, 1987, on the complaint of Audio Visual Systems, Inc. to determine the dischargeability of certain debts, pursuant to 11 U.S.C. § 523(a)(6).

The obligation which the plaintiff seeks to have declared non-dischargeable arises from a state court proceeding wherein the court awarded plaintiff $5,000 in attorneys' fees and $500 in costs. This award was based on the state court's determination that the debtor had presented a fraudulent document in prosecuting a counterclaim against the plaintiff, and that the fees and costs awarded to the plaintiff were directly related to defending against a meritless and fraudulent counterclaim.

At the instant hearing debtor testified that he did not prepare and present a fraudulent document in state court. Debtor presented no other evidence to rebut the earlier state court determination, except this naked denial, which the state court had already heard and rejected. The issue of the authenticity of the document submitted by the debtor in the earlier proceeding was fully litigated in the state court, and was resolved against the debtor. Although given wide latitude in conducting his pro se defense, the debtor has presented no credible evidence to refute that determination, which we conclude is not subject to collateral attack here. Nevertheless, and in the event that our ruling based upon collateral estoppel is held to be incorrect on appeal, after considering the debtor's testimony here, the documentary evidence of record, and the findings and conclusions of the state court, we also find that the debtor's conduct was intentional, *In re Franklin*, 726 F.2d 606, 610 (10th Cir.1984); and caused willful and malicious injury to the plaintiff through the use of a fraudulent document in prior state court proceedings. *See In re Orrick*, 51 B.R. 92 (Bankr.N.D. Okla.1985). Accordingly, and on both grounds mentioned above, the attorneys' fees and costs awarded in favor of the plaintiff against the debtor are determined to be nondischargeable. 11 U.S.C. § 523(a)(6).

Judgment shall enter accordingly.[1]

---

1. This decision constitutes our findings of fact and conclusions of law as required by FED.R. CIV.P. 52 and Bankruptcy Rule 7052.