**In re Denise AUFFANT, Debtor.**

**USAA Casualty Insurance Company, Plaintiff,**

**v.**

**Denise Auffant, Defendant.**

**Bankruptcy No. 00–13437–8W7.
Adversary No. 00–554.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Oct. 16, 2001.

Joel S. Treuhaft, Palm Harbor, FL, for debtor.

Robert E. Vaughn, Jr., Butler Burnett Pappas, LLP, Tampa, FL, for plaintiff.

Susan K. Woodard, St. Petersburg, FL, trustee.

*Memorandum Decision and Order on Plaintiff's Motion for Summary Judgment*

MICHAEL G. WILLIAMSON, Bankruptcy Judge.

This proceeding came on for hearing on April 5, 2001 ("Hearing"), on the motion for summary judgment filed by the plaintiff, USAA Casualty Insurance Company ("USAA" or "Plaintiff") (Doc. No. 16) ("Motion"). For the reasons set forth below, the court grants the Motion and enters judgment under Bankruptcy Code § 523(a)(6) in favor of the Plaintiff with respect to the issue of nondischargeability of attorneys fees and costs owed by the debtor, Denise Auffant ("Debtor"), to the Plaintiff. The court will schedule a further hearing to determine the amount of the attorney's fees and costs and enter a judg-ment in favor of USAA with respect to such amounts.

*Findings of Fact*

A. *Procedural Background.*

The Debtor filed her petition for relief under chapter 7 of the Bankruptcy Code on August 30, 2000 ("Petition Date"). As of the Petition Date, the Debtor and USAA were parties to a state court action ("State Court Action") that the Debtor had brought in 1998 against USAA in the county court for Pinellas County, Florida ("State Court").

The State Court Action involved a theft loss suffered by the Debtor of a laptop computer. USAA, as the Debtor's insurer, had denied the Debtor's claim for the theft loss. The basis for USAA's denial of the Debtor's claim was that the Debtor's policy was void because the Debtor intentionally concealed and misrepresented material facts in the investigation of the claim and made false statements or engaged in fraudulent conduct during the investigation of the claim.

During the course of the State Court Action, USAA served an offer of judgment on the Debtor pursuant to section 768.79, Florida Statutes, and Rule 1.442, Florida Rules of Civil Procedure (collectively, the "Florida Offer of Judgment Statute"). The Debtor did not accept USAA's offer of judgment. The case went to trial, and a jury verdict was returned in favor of USAA ("State Court Verdict").

The jury specifically found that the Debtor intentionally concealed or intentionally misrepresented material facts or circumstances relating to the claim for insurance proceeds or made false statements or engaged in fraudulent conduct relating to the claim for insurance proceeds.

The State Court entered a final judgment against the Debtor on June 1,

2000 ("State Court Judgment"). Under the State Court Judgment, the State Court reserved jurisdiction to determine the amount of the attorney's fees and costs to be awarded pursuant to the Florida Offer of Judgment Statute.[1] Thereafter, USAA filed its motion for attorney's fees, with supporting affidavits, seeking attorney's fees in the amount of $52,801.00 and taxable costs of $3,973.13.

The State Court held a hearing on August 1, 2000, at which it ruled that USAA was entitled to an award of attorney's fees and cost; it scheduled a hearing for August 31, 2000, to determine the amount. The Debtor filed this chapter 7 case on August 30, 2000, staying any further proceeding by the State Court to determine the amount of USAA's attorney's fees and costs.

B. *Factual Background.*

At the conclusion of the State Court Action, the jury made certain findings as

set forth in the State Court Verdict to include the following:

> Do you find that the Plaintiff, Denise Auffant, intentionally concealed or intentionally misrepresented any material fact or circumstances relating to the claim for insurance proceeds or made any false statements or engaged in fraudulent conduct relating to the claim for insurance proceeds?
>
> YES ___X___ NO _____

Based on the State Court Verdict, the State Court entered the State Court Judgment. The Debtor has stipulated in this adversary proceeding that the State Court Verdict and the State Court Judgment "should be given res judicata and/or collateral estoppel effect in these adversary proceedings, to the extent that they are applicable." Joint Pre Trial Stipulation, ¶ 3 (Doc. No. 21). However, by this stipulation, the Debtor did not waive and specifically reserved the right to maintain that

---

1. Fla. Stat. § 768.79(1) provides in relevant part:

(1) In any civil action for damages in the courts of this state, if a defendant files an offer of judgment which is not accepted by the plaintiff within 30 days, the defendant shall be entitled to recover reasonable costs and attorney's fees incurred by him or on his behalf pursuant to a policy of liability insurance or other contract from the date of the filing of the offer if the judgment is one of no liability or the judgment obtained by the plaintiff is at least 25 percent less than such offer.....

(1) Upon motion made by the offeror or within 30 days after the entry of judgment or after voluntary or involuntary dismissal, the court shall determine the following:

(a) If a defendant serves an offer which is not accepted by the plaintiff, and if the judgment obtained by the plaintiff is at least 25 percent less than the amount of the offer, the defendant shall be awarded reasonable costs, including investigative expenses, and attorney's fees, calculated in accordance with the guideline promulgated

by the Supreme Court, incurred from the date the offer was served, and the court shall set off such costs and attorney's fees against the award. When such costs and attorney's fees total more than the amount of the judgment, the court shall enter judgment for the defendant against the plaintiff for the amount of the costs and fees, less the amount of the award to the plaintiff.

Thus, this statute creates a right to attorney's fees so long as the statutory prerequisites have been met. When a party serves a demand or offer for judgment and that party recovers at least 25 percent less than the demand or offer, the party is entitled to reasonable fees and costs; the statute similarly allows an award of fees in cases where a judgment of no liability is entered. *See, e.g.,* *TGI Friday's v. Dvorak,* 663 So.2d 606 (Fla. 1995); *Schmidt v. Fortner,* 629 So.2d 1036 (Fla. 4th DCA 1993); *Jordan v. Food Lion, Inc.,* 670 So.2d 138, 140 (Fla. 1st DCA 1996); *City of Punta Gorda v. Burnt Store Hotel, Inc.,* 650 So.2d 142, 143 (Fla. 2d DCA 1995).

In this instant case, USAA has obtained a judgment of no liability that entitles USAA to compensation of fees and costs.

the State Court findings do not amount to malicious injury within the meaning of Bankruptcy Code § 523(a)(6). Accordingly, it is appropriate to review the facts before the State Court leading up to the State Court Verdict.

This factual background begins on August 27, 1997, when the Debtor bought a laptop computer and a camera from a Staples department store in Clearwater, Florida. Both items were delivered to the Debtor's home. The Debtor paid Staples $2,699.99 for the computer and $299.99 for the camera. However, the shipping receipt for both items read, "1 item delivered ... $2,999.99."

After the Debtor took delivery of the computer and camera, she returned to Staples with the shipping receipt that referenced "1 item delivered." She showed the store manager the receipt and an advertisement from a competitor for the same computer for $2699.99. As a result of this deception she was given a $300 credit for the computer. The net effect of the Debtor's deception was that she was able to obtain both the computer and the camera for the price of the computer alone.

The Debtor's conduct may well have escaped detection except for the unfortunate event that followed. The computer was stolen from the back of the Debtor's car on the same day she received the improper credit. Since she was insured for theft with USAA, she made a claim for the theft loss. Consistent with her previous course of conduct, however, her claim on USAA was not for the $2699.99 that she paid for the computer, but for $2999.99, the price she paid for both the computer and the camera.

The Debtor provided USAA with a false sworn written statement executed under penalty of perjury, that her loss amounted to $2,999.99. She also provided documents in support of her claim that were either fabricated or presented in a materially misleading manner. USAA denied the claim for failure to provide documentation. The Debtor's State Court Action, the State Court Verdict, and her bankruptcy followed.

*Issues*

This case presents two issues:

1. Does the Debtor's conduct in bringing the State Court Action against her insurance company based on misrepresentations as to the loss she incurred constitute "willful and malicious injury by the debtor" to USAA?

2. If the debtor's actions do constitute "willful and malicious injury," are the fees to which USAA is entitled under the Florida Offer of Judgment Statute nondischargeable?

*Conclusions of Law*

I. *The Debtor's Conduct Was Willful and Malicious.*

■ In this case the parties have stipulated that the State Court Verdict and the State Court Judgment should be given collateral estoppel effect. The court notes in this regard that even absent such a stipulation, collateral estoppel would apply as a matter of law to the State Court Verdict. That is, all of the elements required for collateral estoppel to apply exist in this case.[2]

**2.** As discussed in *In re St. Laurent,* 991 F.2d 672, 676 (11th Cir.1993) under Florida law, these elements are: (1) the issue at stake must be identical to the one decided in the prior litigation; (2) the issue must have been actually litigated in the prior proceeding; (3) the prior determination of the issue must have been a critical and necessary part of the judgment in that earlier decision; and (4) the standard of proof in the prior action must have been at least as stringent as the standard of proof in the later case. *Id. (citing In re*

■ Thus, even absent the parties' stipulation, collateral estoppel would bar the Debtor from re-litigating the factual issues previously decided by the State Court. However, also consistent with the parties' stipulation, the court must still make a determination of the ultimate issue of dischargeability. This is a legal question to be addressed by the bankruptcy court in the exercise of its exclusive jurisdiction to determine dischargeability of debts falling within section 523(a)(6). *In re St. Laurent,* 991 F.2d at 675–76; *Halpern,* 810 F.2d at 1064.

■ Accordingly, the court must determine in the first instance whether the Debtor's conduct in bringing an action based on a fraudulent claim falls within the exception under section 523(a)(6) for "willful and malicious injury." In this regard, the analysis starts with the basic proposition that the dischargeability exceptions balance the desire to afford a debtor a "fresh start" with the recognition that certain types of debts are not subject to discharge in bankruptcy.[3]

■ One such type of debt that is excepted from the debtor's fresh start is a debt for willful and malicious injury to another entity. 11 U.S.C. § 523(a)(6). The Supreme Court in *Kawaauhau v. Geiger,* 523 U.S. 57, 118 S.Ct. 974, 140

L.Ed.2d 90 (1998) recently addressed this very issue. It held that debts arising from recklessly or negligently inflicted injuries do not fall within the willful and malicious injury exception to discharge under § 523(a)(6). *Id.* at 64, 118 S.Ct. 974. In *Geiger,* the Supreme Court applied the plain meaning approach in interpreting § 523(a)(6). *Id.* at 977.[4]

■ As the Supreme Court noted, "willful" means "voluntary or intentional." *Id* at n. 3; *Black's Law Dictionary* (7th ed. 1999) ("*Black's Dictionary*") at 1593. *See also In re Lentine ("Lentine"),* 166 B.R. 476, 478 (Bankr.S.D.Fla.1994)("deliberate and intentional"). "Malicious" means "without just cause or excuse." *Black's Dictionary,* at 969 (definition of "malicious"), and at 1593 (definition of "willful").

■ It is clear from the record that the Debtor brought the State Court Action voluntarily and intentionally and supported her claim with documents in which she intentionally misrepresented the extent of her insurance loss. Under such circumstances, the Debtor clearly intended to cause injury to USAA by the prosecution of her inflated false claim. The Debtor advances neither "just cause" or any "excuse" for her actions in the State Court, and the jury found that she had intention-

---

*Yanks,* 931 F.2d 42, 43 n. 1 (11th Cir.1991); *In re Halpern ("Halpern"),* 810 F.2d 1061, 1064 (11th Cir.1987); *In re Scarfone,* 132 B.R. 470, 472 (Bankr.M.D.Fla.1991)).

**3.** That is, while a "central purpose of the Code is to provide a procedure by which certain insolvent debtors can reorder their affairs, make peace with their creditors, and enjoy 'a new opportunity in life with a clear field for future effort, unhampered by the pressure and discouragement of preexisting debt[,]' ... the [Bankruptcy Code] limits the opportunity for a completely new beginning to the 'honest but unfortunate debtor.' " *Grogan v. Garner,* 498 U.S. 279, 286–87, 111 S.Ct.

654, 659, 112 L.Ed.2d 755 (*quoting Local Loan Co. v. Hunt,* 292 U.S. 234, 244, 54 S.Ct. 695, 699, 78 L.Ed. 1230 (1934) (emphasis added)); *see also Williams v. United States Fidelity & Guar. Co.,* 236 U.S. 549, 554–55, 35 S.Ct. 289–290, 59 L.Ed. 713 (1915); *In re St. Laurent,* 991 F.2d at 680.

**4.** "The starting point for ... interpretation of a statute is always its language." *In re Yates Development, Inc.,* 256 F.3d 1285, 1288–89 (11th Cir.2001) (citing to Supreme Court precedents and other 11th Circuit cases). And this rule for statutory construction "applies with equal force when interpreting the Bankruptcy Code." *Id.*

ally engaged in fraudulent conduct or intentionally made false statements relating to her insurance claim. Accordingly, the Debtor's conduct was "willful and malicious" for purposes of Bankruptcy Code § 523(a)(6).[5]

## II. The Fees and Costs to Which USAA Is Entitled Under the "Florida Offer of Judgment" Statute Are Nondischargeable.

■■■■■■■ Having found that the Debtor's actions were willful and malicious, the next issue that the court must determine is whether attorney's fees awardable under a state "offer of judgment" statute are nondischargeable under section 523(a)(6). The United States Supreme Court recently dealt with the analogous situation of whether the discharge exception for actual fraud prevented discharge under section 523(a)(2)(A) of all liability arising from a debtor's fraud, including treble damages assessed on account of fraud under state law as well as an award of attorney's fees and costs or just the portion of the debt that represented the actual "money, property, services or ... credit" obtained through fraud. *Cohen v. de la Cruz*, 523 U.S. 213, 118 S.Ct. 1212, 140 L.Ed.2d 341 (1998).

In rejecting the debtor's argument for a narrow construction of section 523(a)(2)(a) limiting recovery to the actual "money, property, or services, or credit" that the debtor has fraudulently obtained, the Supreme Court noted that "debt for" when used throughout section 523, is used "to mean 'debt as a result of,' 'debt with re-spect to,' 'debt by reason of,' and the like...." *Id.* at 220, 118 S.Ct. 1212 (citing *American Heritage* dictionary, 709 (3d ed.1992); *Black's Dictionary* at 644 (6th ed.1990) "connoting broadly any liability arising from the specified object").

Accordingly, the Supreme Court held in *Cohen* that not only is the underlying claim for money or property fraudulently taken by the debtor nondischargeable but also other amounts allowable under state law, "including treble damages, attorney's fees, and other relief that may exceed the value obtained by the debtor." *Id.* at 222, 118 S.Ct. 1212.

Consistent with the Supreme Court's decision in *Cohen,* the Eleventh Circuit in *TranSouth Financial Corp. of Florida v. Johnson,* 931 F.2d 1505 (11th Cir.1991) held that attorney fees are recoverable in a dischargeability action when such fees are provided for in the underlying contract from which the debt arose. In *Johnson,* the creditor successfully prosecuted an action under § 523(a)(2) for a debt arising from a note. The court held that the attorney fees and costs were also not dischargeable if the terms of the note provided for such payment. *Id.* at 1506–09.

There also exists a line of lower court decisions dealing with this issue in the context of section 523(a)(6). These cases stand for the proposition that where a state court judgment arises entirely from a willful and malicious injury inflicted by the debtor, the entire judgment, including costs and attorney's fees, is nondischarge-

---

5. The circumstances in this case are clearly distinguishable factually from the circumstances presented to the Supreme Court in *Geiger.* In *Geiger,* the Court was confronted with the dischargeability of a debt arising from medical malpractice. *Geiger,* 523 U.S. at 59–61, 118 S.Ct. 974. There, the Court rejected the interpretation of § 523(a)(6) to include intentional acts that cause injury and held that the section only encompassed acts done with the actual intent to cause injury. Thus, the debts arising from the debtor's reckless or negligent medical care of the creditor were held to be dischargeable by the Court. *Id.* at 61–64, 118 S.Ct. 974.

able pursuant to 11 U.S.C. § 523(a)(6).[6]

For example, in *Orrick*, the debtor had unsuccessfully sued his insurance company for its refusal to honor his claim for the loss of his automobile. In the litigation, the jury had found that the debtor intentionally set fire to his automobile in order to collect on his insurance. After holding that collateral estoppel barred the debtor from re-litigating the jury's determination, the bankruptcy court concluded that the attorney's fees and costs that were awarded in connection with the litigation were also nondischargeable. "Had [the debtor] not brought suit against [the insurance company], it is reasonable to conclude that there would be no fees and costs resulting from litigation." *In re Orrick*, 51 B.R. 92, 96 (Bankr.N.D.Okla.1985).

In another case, on similar facts, section 523(a)(6) was held to apply to an award based on the state court's determination that the debtor had presented a fraudulent document in prosecuting a claim in litigation. In such instances, the fees and costs awarded to the plaintiff are considered directly related to defending against a meritless and fraudulent counterclaim. *In re Hopper*, 71 B.R. 67 (Bankr.D.Colo. 1987)(use of a fraudulent document in prior state court proceedings constitutes conduct which is both intentional and the cause of willful and malicious injury to the plaintiff, *citing* to *In re Franklin*, 726 F.2d 606, 610 (10th Cir.1984); *In re Orrick*, 51 B.R. 92 (Bankr.N.D.Okla.1985)).

In *Lentine*, the Honorable Steven H. Friedman held that the fees and costs incurred by the debtor's insurance company were nondischargeable where the debtor had brought an action for a loss that the debtor had caused. The debtor had cut the hoses of his motor yacht, causing it to sink. He then filed a fraudulent claim for the loss. The trial court entered judgment in favor of the insurance company and further held that the debtor had acted in bad faith in bringing the lawsuit. Based on this finding, the insurance company was awarded its attorney's fees and costs incurred in defending the action. *Lentine*, 166 B.R. at 478.

### Conclusion

It is clear that based on the State Court Verdict and the record before this court, that the Debtor deliberately and intentionally submitted a false claim for her theft loss. The Debtor's conduct under these circumstances is willful and malicious for purposes of section 523(a)(6). Attorney's fees to which the Plaintiff is entitled to under the Florida Offer of Judgment Statute as a result of the adverse verdict, are nondischargeable in this case. Accordingly, for these reasons, it is

ORDERED:

1. The Motion is granted.

2. The court reserves jurisdiction to determine the amount of attorney's fees and costs to which the Plaintiff is entitled

---

6. *See, e.g., In re Horowitz*, 103 B.R. 786 (Bkrtcy.N.D.Miss.1989) (*citing In re Hopper*, 71 B.R. 67, 68 (Bankr.Colo.1987)); *In re Orrick*, 51 B.R. 92, 96 (Bankr.N.D.Okla.1985); *In re Maxwell*, 51 B.R. 244, 246 (Bankr. S.D.Ind.1983); *Dutton v. Schwartz*, 21 B.R. 1014, 1018 (D.Mont.1982). *See also In re Marderosian*, 186 B.R. 341 (Bankr.R.I. 1995)(where the underlying judgment debt is nondischargeable in bankruptcy pursuant to § 523(a), associated attorney's fees are likewise nondischargeable); *In re Weinstein*, 173 B.R. 258 (Bankr.E.D.N.Y.1994); *In re McGuffey*, 145 B.R. 582, 597 (Bankr.N.D.Ill.1992); *In re Kwiat*, 62 B.R. 818, 823 (Bankr.D.Mass. 1986), modified, 81 B.R. 184, 191 n. 16 (D.Mass.1987) ("[T]he Bankruptcy Court did not err in finding that legal fees and costs awarded in the state court judgment were nondischargeable").

to under the Florida Offer of Judgment Statute ("Fee Hearing").

3. A pretrial conference is scheduled with respect to the Fee Hearing for November 7, 2001, at 10:30 a.m.

DONE AND ORDERED at Tampa, Florida, on October 16, 2001.