**In re Yvonne Annette HOUSTON, Debtor.**

**K & K Insurance Group, Inc., as subrogee of its insured, Frederick Palluel, Plaintiff,**

v.

**Yvonne Annette Houston, Defendant.**

**Bankruptcy No. 8:03–BK–4074.
Adversary No. 8:03–ap–203–PMG.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Sept. 22, 2003.

Robert E. Vaughn, Jr., Butler, Pappas, Weihmuller, Katz, Craig, LLP, Tampa, FL, for Plaintiff.

Carl J. Miller, Carl J. Miller, P.A., Lutz, FL, for Defendant/Debtor.

### ORDER ON (1) DEBTOR'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED, AND ON (2) PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

PAUL M. GLENN, Chief Judge.

**THIS CASE** came before the Court for hearing to consider (1) the Motion to Dismiss for Failure to State a Claim on which Relief Can be Granted filed by the Debtor, Yvonne Annette Houston, and also to consider (2) the Motion for Summary Judgment filed by the Plaintiff, K & K Insurance Group, Inc., as subrogee of its insured, Frederick Palluel.

The Plaintiff commenced this adversary proceeding by filing a Complaint to determine the dischargeability of a debt claimed by the Plaintiff against the Debtor. The Plaintiff contends that the debt is nondis-

chargeable pursuant to § 523(a)(2) and § 523(a)(6) of the Bankruptcy Code, that there are no issues of fact, and that the Plaintiff is entitled to a judgment as a matter of law.

## Background

On April 30, 2001, the Debtor filed a Complaint in the Circuit Court for Pinellas County, Florida, against Frederick Palluel and the Tampa Bay Skating Academy. The case was assigned Case No. 01–003294–CI. In the Complaint, the Debtor alleged that Frederick Palluel (Palluel), an ice skating instructor at the Tampa Bay Skating Academy, negligently collided with her on the Academy's ice rink on January 28, 2000, and that she was injured as a result of the collision. (Exhibit A to Plaintiff's Complaint).

On February 8, 2002, Palluel served an Offer of Judgment/Proposal for Settlement on the Debtor pursuant to § 768.79 of the Florida Statutes. The Debtor rejected the Offer.

Palluel subsequently filed a Motion to Dismiss and/or Strike the Complaint. (Exhibit B to Plaintiff's Complaint). In the Motion to Dismiss, Palluel alleged that the Debtor had "clearly and intentionally misrepresented her pre-accident state of health" in certain Interrogatories and depositions taken in connection with the action "in an effort to magnify the value of her claim."

On October 14, 2002, the Circuit Court entered an Order Granting Defendant's Motion to Dismiss and/or Strike. (Exhibit A to Plaintiff's Motion for Summary Judgment). The Order provided in part:

> When a party lies about matters pertinent to his own claim, or a portion of it, and perpetrates a fraud, dismissal of the whole case is proper. *Cox v. Burke*, 706 So.2d 43, 47 (Fla. 5th DCA 1998). A trial court has broad discretion to im-

pose sanctions on litigants for their conduct before the court. *Morgan v. Campbell*, 816 So.2d 251, 253 (Fla. 2d DCA 2002). A trial court has the inherent authority to dismiss an action as a sanction when the plaintiff has perpetrated a fraud on the court. *Id. After holding an evidentiary hearing, this Court concludes that Plaintiff made several misrepresentations and false statements during discovery regarding prior similar injuries and the case is dismissed.*

(Emphasis supplied). Accordingly, the Circuit Court dismissed the Debtor's negligence action.

Palluel subsequently filed a Motion to Tax Fees and Costs against the Debtor. On January 7, 2003, the Circuit Court entered an Order deferring ruling on Palluel's Motion, and granting the Debtor's oral motion for an evidentiary hearing on Palluel's request for fees and costs.

The Debtor filed her petition under chapter 7 of the Bankruptcy Code on March 4, 2003, before the hearing was conducted in state court on Palluel's Motion to Tax Fees and Costs.

The Plaintiff contends that the fees and costs incurred by it during the state court action are nondischargeable under § 523(a)(2) of the Bankruptcy Code, because the prosecution of the state court action by the Debtor constituted a fraud on the Plaintiff. The Plaintiff also contends that its fees and costs are nondischargeable under § 523(a)(6) of the Bankruptcy Code, because the prosecution of the state court action constituted a willful and malicious injury to the Plaintiff within the meaning of the statute.

Finally, the Plaintiff asserts that the Debtor is collaterally estopped from denying her fraudulent conduct, because of the state court's finding that she had made several false statements during the course

of discovery in the negligence action. Consequently, the Plaintiff contends that there are no genuine issues of material fact, and that the Plaintiff is entitled to the entry of a judgment in its favor as a matter of law.

The Debtor filed a Motion to Dismiss the Plaintiff's Complaint for Failure to State a Claim upon which Relief can be Granted, and also filed an Affidavit in Opposition to the Plaintiff's Motion for Summary Judgment. (Doc. 9).

In her Motion to Dismiss, the Debtor contends that the Complaint does not state a cause of action because (1) the Debtor does not owe the Plaintiff for "money, property, or services" within the meaning of § 523(a)(2) of the Bankruptcy Code, (2) the Plaintiff's claim stems from the Debtor's rejection of the Plaintiff's offer of compromise, and is therefore a claim for statutory fees under Florida law, and is not a claim based on a tort within the meaning of § 523(a)(6) of the Bankruptcy Code, and (3) the Bankruptcy Court lacks subject matter jurisdiction to determine whether the Plaintiff is entitled to the statutory fees. If the Plaintiff is entitled to such an award, the Debtor asserts that the Court lacks jurisdiction to determine the amount of the award.

Additionally, in her Affidavit in Opposition to the Plaintiff's Motion for Summary Judgment, the Debtor asserts that she did not receive a full and fair opportunity to litigate the state court action, because she was not permitted to testify at the hearing on Palluel's Motion to Dismiss and/or Strike. If she had been given the opportunity to testify, the Debtor contends, she would have (1) distinguished the whiplash injuries that she had previously sustained in unrelated accidents, from the herniated disc injury that resulted from the collision at the skating rink; and she also would have (2) explained the information contained in the medical records used by Palluel at the hearing on the Motion to Dismiss and/or Strike. The Debtor concludes in her affidavit, therefore, that she "did not commit fraud or make misrepresentations in filing the State Court case or during discovery conducted during that case."

### The Motion to Dismiss

The Debtor's Motion to Dismiss the Plaintiff's Complaint for Failure to State a Claim on which Relief can be Granted should be denied.

First, the Debtor asserts in the Motion to Dismiss that "Adversary Plaintiff fails to allege the existence of a statement in writing and fails to allege any actions of the Adversary Plaintiff [sic] which fall within the ambit of U.S.C. (a)(2)(B)(i), (ii) or (iv)." (Motion to Dismiss, ¶ 4). The Court has reviewed Count I of the Complaint, and agrees that the Plaintiff did not state a claim for relief under § 523(a)(2)(B) of the Bankruptcy Code, since the Plaintiff did not assert that the claim is based on a false financial statement submitted by the Debtor.

In Count I, however, the Plaintiff alleges only that the claim is nondischargeable under § 523(a)(2), and does not specify whether the claim is based on subsection (a)(2)(A) or subsection (a)(2)(B) of § 523. The Plaintiff alleges, however, that the Debtor's prosecution of the state court action "amounted to the perpetration of a fraud," and that the state court lawsuit constituted a "fraudulently prosecuted personal injury action." Based on the allegations contained in the Complaint, therefore, the Court finds that Count I states a cause of action under § 523(a)(2)(A), based on the Debtor's "false pretenses, a false representation, or actual fraud." 11 U.S.C. § 523(a)(2)(A).

■ Second, the Debtor contends in the Motion to Dismiss that "the State Court did not award attorneys fees to the Adversary Plaintiff and even if attorneys fees had been awarded to Adversary Plaintiff, the basis of such an award would not have been tortious action by the Debtor but would have been awarded pursuant to the provisions of Florida Statutes Sec. 768.79 and Florida Rule of Civil Procedure 1.442." (Motion to Dismiss, ¶ 3).

The Court finds that the Complaint states a cause of action to determine the nondischargeability of the fees and costs that were incurred by the Plaintiff in the state court action. As the Court stated in *In re Auffant*, 268 B.R. 689 (Bankr. M.D.Fla.2001):

> In rejecting the debtor's argument for a narrow construction of section 523(a)(2)(a) limiting recovery to the actual "money, property, or services, or credit" that the debtor has fraudulently obtained, the Supreme Court noted that "debt for" when used throughout section 523, is used "to mean 'debt as a result of,' 'debt with respect to,' 'debt by reason of,' and the like ...."

> . . . . .

There also exists a line of lower court decisions dealing with this issue in the context of section 523(a)(6). These cases stand for the proposition that where a state court judgment arises entirely from a willful and malicious injury inflicted by the debtor, the entire judgment, including costs and attorney's fees, is nondischargeable pursuant to 11 U.S.C. § 523(a)(6).

. . . . .

It is clear that based on the State Court Verdict and the record before this court, that the Debtor deliberately and intentionally submitted a false claim for her theft loss. The Debtor's conduct under these circumstances is willful and malicious for purposes of § 523(a)(6). Attorney's fees to which the Plaintiff is entitled to under the Florida Offer of Judgment Statute as a result of the adverse verdict, are nondischargeable in this case.

*In re Auffant*, 268 B.R. 689, 695–96 (Bankr.M.D.Fla.2001). In *Auffant*, the Court entered a summary judgment in favor of the plaintiff under the Florida Offer of Judgment Law, and subsequently entered an order determining the amount of the debt. *In re Auffant*, 274 B.R. 554 (Bankr.M.D.Fla.2002).

The principles that the Court applied in *Auffant* apply equally in this case. The fees and costs claimed by the Plaintiff constitute a "debt" within the meaning of § 523(a) of the Bankruptcy Code, since they "result from" the Debtor's fraudulent conduct. Further, this Court has jurisdiction to determine the dischargeability of the claim. See, for example, 28 U.S.C. § 157(b)(2)(I)(Bankruptcy judges may hear and determine all core proceedings arising under title 11, including determinations as to the dischargeability of particular debts).

The Debtor's Motion to Dismiss the Plaintiff's Complaint should be denied.

### The Motion for Summary Judgment

■ The doctrine of collateral estoppel prevents parties in a subsequent action from relitigating issues that they have already litigated in a prior action, and which have been determined by a valid and final judgment in the previous action. *In re Hoult*, 243 B.R. 818, 821 (Bankr.M.D.Fla. 1999); *In re Scott*, 227 B.R. 918, 922 (Bankr.S.D.Fla.1998)(quoting *In re Bilzerian*, 100 F.3d 886, 892 (11th Cir.1996)).

■ Four elements must be present for the doctrine of collateral estoppel to preclude a party from relitigating an issue.

Under Florida law, the following elements must be established before collateral estoppel may be invoked: (1) the issue at stake must be identical to the one decided in the prior litigation; (2) the issue must have been actually litigated in the prior proceeding; (3) the prior determination of the issue must have been a critical and necessary part of the judgment in the earlier decision; and (4) the standard of proof in the prior action must have been at least as stringent as the standard of proof in the later case.

*In re St. Laurent,* 991 F.2d 672, 676 (11th Cir.1993). See also *In re Bilzerian,* 153 F.3d 1278, 1281 (11th Cir.1998); *In re Hoult,* 243 B.R. at 821; and *In re Scott,* 227 B.R. at 922.

■ In this case, the Plaintiff asserts that the findings contained in the State Court's "Order Granting Defendant's Motion to Dismiss and/or Strike" collaterally estop the Debtor from denying the nondischargeability of the debt owed to the Plaintiff.

The situation presented in this case differs from the typical dischargeability action in which the doctrine of collateral estoppel has been applied. In the typical case, of course, it is the creditor who had filed an action and obtained a judgment against the debtor prior to the commencement of the bankruptcy case. In this case, however, it was the Debtor who had actually initiated the pre-bankruptcy action, and suffered an adverse decision in her own case.

Nevertheless, the Court has considered the four elements required for the doctrine of collateral estoppel, and finds that the Debtor is precluded from disputing the nondischargeability of the debt claimed by the Plaintiff.

**1. Identity of the issue**

In the state court action, the Plaintiff asserted in its Motion to Dismiss and/or Strike that the Debtor's negligence action should be dismissed because of the willful misrepresentations made by the Debtor in the case. The Plaintiff alleged, for example, that the Debtor had "clearly and intentionally misrepresented her pre-accident state of health," that the Debtor had committed "blatant perjury under oath," that the Debtor had engaged in "obvious and repeated deception under oath," and that the Debtor had "intentionally and repeatedly misrepresented the true origin of her soft tissue injuries."

The Debtor's intentional misrepresentations and false statements, therefore, were placed squarely at issue in the state court action by virtue of the Plaintiff's Motion to Dismiss and/or Strike.

Similarly, in the case currently under consideration, the Plaintiff contends that the debt owed to it by the Debtor is nondischargeable pursuant to § 523(a)(2), because of the Debtor's intentional conduct in fraudulently prosecuting the state court action. The "debt" claimed by the Plaintiff consists of the attorney's fees and costs incurred by it in defending the Debtor's "fraudulent" negligence action.

Section 523(a)(2)(A) provides that a discharge under § 727 does not discharge an individual debtor from any debt "for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained, by—(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition."

■ The Plaintiff also contends that the debt owed to it by the Debtor is nondischargeable pursuant to § 523(a)(6) of the Bankruptcy Code. Section 523(a)(6) provides that a discharge under § 727 does

not discharge an individual debtor from any debt "for willful and malicious injury by the debtor to another entity or to the property of another entity." A "willful and malicious injury" within the meaning of § 523(a)(6) includes an injury caused by the debtor's malicious prosecution of a prior action. *In re Abbo,* 168 F.3d 930 (6th Cir.1999); *In re Gross,* 288 B.R. 655 (Bankr.E.D.N.Y.2003).

Based on the foregoing, the Court finds that the issue raised and decided in the state court action (the intentional misrepresentations made by the Debtor in fraudulently prosecuting the case) is identical to the issue in the dischargeability action (the Debtor's false representations, actual fraud, or malicious prosecution of the case).

### 2. Actually litigated

The Debtor contends that she did not have a full and fair opportunity to litigate the issues surrounding her misrepresentations and false statements in the prior action, because she was "not afforded the opportunity to testify on her own behalf in State Court" at the hearing on the Plaintiff's Motion to Dismiss and/or Strike. (Affidavit Opposing Plaintiff's Motion for Summary Judgment, ¶ 3).

 It is well-established that collateral estoppel applies only to those issues that were actually or fully litigated in the prior proceeding.

However, this rule does not refer to the quality or quantity of argument or evidence addressed to an issue. It requires only two things: first, that the issue has been effectively raised in the prior action, either in the pleadings or through development of the evidence and argument at trial or on motion; and second, that the losing party have had "a fair opportunity procedurally, substan-

tively and evidentially" to contest the issue.

*In re Bush,* 62 F.3d 1319, 1323 (11th Cir. 1995). In *Bush,* the Eleventh Circuit Court of Appeals found that the issue of the Debtor's fraud had been actually litigated where the Debtor had actively participated in the lawsuit for more than a year, had been represented by counsel, had answered the complaint, and had participated in the discovery process. *In re Bush,* 62 F.3d at 1324.

Similarly, in the case under consideration, the Debtor initiated the state court litigation by filing the Complaint against Palluel and the Tampa Bay Skating Academy. The Debtor was represented by an attorney during the proceedings, was served (through her attorney) with the Plaintiff's Motion to Dismiss, and admittedly attended the hearing on the Motion to Dismiss and/or Strike. (Affidavit, ¶ 2).

 Under these circumstances, the Court finds that the issue of the Debtor's fraudulent prosecution of the case was "actually litigated" in the prior proceeding. A fair opportunity to contest an issue does not necessarily entail the presentation of live testimony. "The requirement that an issue be 'actually litigated' to qualify for collateral estoppel does not imply that preclusion is available only for those issues established after a full evidentiary and adversarial trial." *In re Wright,* 187 B.R. 826, 833 (Bankr.D.Conn.1995). In this case, the Debtor significantly participated in the case, and received a full and fair opportunity to defend the allegations that she had made false statements in the case.

### 3. The determination was critical and necessary to the judgment

In the Order Granting Defendant's Motion to Dismiss and/or Strike, the State Court stated:

After holding an evidentiary hearing, this Court concludes that Plaintiff made several misrepresentations and false statements during discovery regarding prior injuries and the case is dismissed. (Order Granting Defendant's Motion to Dismiss and/or Strike, p. 2). The Order was based exclusively on the Debtor's false representations in connection with the case. The determination that the Debtor had made such false statements and misrepresentations was critical and necessary to the dismissal of the negligence action.

### 4. Standard of proof

■ In a dischargeability action under § 523 of the Bankruptcy Code, a plaintiff must prove his case by a preponderance of the evidence. *In re Bilzerian,* 153 F.3d at 1281; *In re Howard,* 261 B.R. 513 (Bankr. M.D.Fla.2001).

"Because discharge under § 523(a)(2)(A) only requires proof by a preponderance of the evidence standard, only the first three elements [of collateral estoppel] are disputed in this case." *In re Bilzerian,* 153 F.3d at 1281.

The burden of proof in the dischargeability action is not heavier than the burden in the state court action.

### Conclusion

On October 14, 2002, the State Court entered an Order finding that the Debtor had made several misrepresentations and false statements in connection with her negligence action, and dismissed her Complaint as a sanction for her misconduct.

The Order has collateral estoppel effect in this dischargeability action because the issues in both cases are identical, the issue concerning the Debtor's false statements was actually litigated in the State Court, the determination that the Debtor had made false statements was critical and necessary to the State Court's dismissal of the prior action, and the burden of proof in the bankruptcy court is not heavier than in the state court. The Debtor is collaterally estopped from denying the nondischargeability of any debt owed to the Plaintiff.

It is undisputed, however, that the Debtor filed her petition under chapter 7 of the Bankruptcy Code before the State Court ruled on Palluel's Motion to Tax Fees and Costs. In the Order entered on January 7, 2003, the State Court simply deferred ruling on Palluel's Motion to Tax Fees and Costs, and granted the Debtor's oral Motion for an Evidentiary Hearing on the Motion. Consequently, the debt was not liquidated in the prior proceeding.

The Court finds, therefore, that the negligence action may proceed in Circuit Court for Pinellas County, Florida, for the purpose of allowing the Circuit Court to adjudicate Palluel's Motion to Tax Fees and Costs, including a determination of whether the Plaintiff is entitled to an award of attorney's fees and costs and, if so, the amount of any such fees and costs. To the extent that the Circuit Court enters a Judgment against the Debtor with respect to the Motion to Tax Fees and Costs, such debt is nondischargeable in the Debtor's bankruptcy case pursuant to § 523(a)(2)(A) and § 523(a)(6) of the Bankruptcy Code.

Accordingly:

**IT IS ORDERED** that:

1. The Motion to Dismiss for Failure to State a Claim on which Relief can be Granted, filed by the Debtor, Yvonne Annette Houston, is denied.

2. The Motion for Summary Judgment, filed by the Plaintiff, K & K Insurance Group, Inc., as subrogee of its insured, Frederick Palluel, is granted, and the action commenced in the Circuit Court for Pinellas County, Florida, styled *Yvonne Houston and Joseph Houston v. Frederick*

*Palluel and Tampa Bay Skating Academy,* Case No. 01–003294–CI, may proceed for the purpose of allowing the Circuit Court to adjudicate the Motion to Tax Fees and Costs, including a determination of whether the Plaintiff is entitled to an award of attorney's fees and costs and, if so, the amount of any such fees and costs. To the extent that the Circuit Court enters a Judgment against the Debtor with respect to the Motion to Tax Fees and Costs, such debt is nondischargeable in the Debtor's Bankruptcy case pursuant to § 523(a)(2)(A) and § 523(a)(6) of the Bankruptcy Code.

3. A separate Final Summary Judgment of nondischargeability in favor of the Plaintiff will be entered consistent with this Order.