In re Glen Ray ABLES, Jr., Debtor.

**Michael N. Brown and Allen, Dell, Frank & Trinkle, P.A., Plaintiffs,**

v.

**Glen Ray Ables, Jr., Defendant.**

**Bankruptcy No. 03–00618–8W7. Adversary No. 03–188.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Dec. 24, 2003.

Robert E. Vaughn, Jr., Butler, Pappas, Weihmuller, Tampa, FL, for plaintiffs.

Donald Golden, Brandon, FL, for defendant.

Douglas N. Menchise, Clearwater, FL, Chapter 7 Trustee.

### MEMORANDUM DECISION AND ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION AND GRANTING DEFENDANT'S ORE TENUS MOTION FOR SUMMARY JUDGMENT

MICHAEL G. WILLIAMSON, Bankruptcy Judge.

The Debtor, Glen Ray Ables, Jr.'s ("Debtor") former attorney, Michael N. Brown, and his law firm, Allen, Dell, Frank & Trinkle, P.A., the plaintiffs in this action ("Attorneys"), have brought this adversary proceeding seeking a determination that a debt they contend is owed to the Attorneys by the Debtor is nondischargeable under sections 523(a)(2)(A) and 523(a)(6) of the Bankruptcy Code.

As applied to this case, in order for the Attorneys to sustain a claim under section 523(a)(2)(A), they must establish that the Debtor owes them a debt for services that were obtained by fraud. But in this case, there is nothing in the record to support a finding that a false statement was made to induce the attorneys to provide services. Accordingly, I conclude that the record supports summary judgment in favor of the Debtor on this ground.

The Attorneys also assert a claim for relief under section 523(a)(6) of the Bankruptcy Code. Section 523(a)(6) provides that a discharge under chapter 7 does not discharge an individual debtor from any debt for willful and malicious injury by the debtor to another person. As discussed below, courts interpreting this provision have held that for a claim arising from the debtor's act to be nondischargeable under

this section, it must have been done with actual subjective intent to injure or been done by the debtor with subjective knowledge that the acts were substantially certain to cause the injury forming the basis of the nondischargeability case.

I conclude that the facts of this case do not establish that the misrepresentation made by the Debtor was made with actual intent to cause the Attorneys injury in the form of damages that may arise from a later malpractice action or that the Debtor had subjective knowledge that the misrepresentation was substantially certain to cause the damages that may arise from a malpractice action. Accordingly, for the reasons set forth below, the Court will enter summary judgment for the Debtor as to this ground and against the Attorneys finding that any debt owed to the Attorneys by the Debtor is dischargeable.

### Factual Background

On or about February 26, 1998, the Debtor and his former wife sought to adopt the child of the stepdaughter of the Debtor's aunt. The Attorneys were retained as counsel for the adoption, and the adoption was finalized. The Debtor and his former spouse raised the child for two years until the birth mother instituted an action to vacate the adoption. The state court ultimately annulled the adoption as a fraud on the court. The state court found that the birth mother had been coerced by her stepmother into giving up her child for adoption, and found that the stepmother misrepresented the birth mother's relationship with the Debtor in the adoption process.

The state court also found that the Debtor had committed a fraud on the court by signing the petition for adoption, which stated that he was related to the birth mother within the third degree of consanguinity. This fact is critical because if there is no such relationship, Florida Stat-

utes section 63.125 requires a home study, which specifically includes an interview with the birth mother. The state court found that such a relationship could not have been possible because the Debtor was related to the birth mother by marriage, not by blood.

The Attorneys were subsequently sued by the Debtor's ex-wife in a legal malpractice action for services rendered by the Attorneys in connection with the adoption. The Attorneys seek to use the state court judgment, under the principles of collateral estoppel, to have this Court declare that the debt arising from any recovery on their third-party claim against the Debtor in the malpractice action be determined nondischargeable under sections 523(a)(2)(A) and (a)(6).

### Procedural Posture

This proceeding was initially before the Court on the Attorneys' motion for summary judgment that was ruled upon on September 30, 2003, and is now before the Court on the Attorneys' Motion for Reconsideration of Motion for Summary Judgment and Motion to Supplement and Clarify Legal Argument (Doc. No. 19) ("Motion for Reconsideration") that came on for hearing on December 3, 2003 ("Hearing").

The Court ruled against the Attorneys and denied their motion for summary judgment on September 30, 2003, by issuing a substantively similar decision (Doc. No. 16). In response, the Attorneys filed their Motion for Reconsideration. After this Court orally denied the Attorneys' Motion for Reconsideration at the Hearing, the Debtor's attorney made an *ore tenus* motion for summary judgment. For the reasons that follow, the Court will grant the Debtor's *ore tenus* motion for summary judgment.

### Conclusions of Law

#### A. Summary Judgment Standard.

Rule 56 of the Federal Rules of Civil Procedure, made applicable to this proceeding by Rule 7056 of the Federal Rules of Bankruptcy Procedure, requires the court to enter judgment for the moving party if the record indicates that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.[1] The court must draw all justifiable inferences in favor of the non-moving party.[2] Applying these principles, the Court previously denied the Attorneys' Motion for Summary Judgment. These principles must now be applied in the context of the Debtor's *ore tenus* motion for summary judgment made after the Court announced its ruling on the Attorney's Motion for Reconsideration.

In considering this request, the Court also notes that the grant of an *ore tenus* motion for summary judgment should not be taken lightly, even though the courts "possess the power to award summary judgment in favor of a nonmovant." *Massey v. Congress Life Ins. Co.*, 116 F.3d 1414, 1417–18 (11th Cir.1997). This is similarly true when a court decides to *sua sponte* grant summary judgment. *Artistic Entertainment, Inc. v. City of Warner Robins*, 331 F.3d 1196, 1201–02 (11th Cir.2003). In both instances, the Eleventh Circuit has cautioned that the notice provision under Rule 56(c) "retain their mandatory character even when the ... court contemplates awarding summary judgment *sua sponte* against a party that itself had moved for summary judgment."

---

**1.** *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–327, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *In re Diagnostic Instrument Group,* *Inc.*, 283 B.R. 87, 92–94 (Bankr.M.D.Fla. 2002).

**2.** *Anderson*, 477 U.S. at 255, 106 S.Ct. 2505; *Diagnostic*, 283 B.R. at 94.

*Massey,* 116 F.3d at 1417. *See also National Fire Ins. v. Bartolazo,* 27 F.3d 518 (11th Cir.1994).

■■ However, the grant of a *sua sponte* motion for summary judgment is permissible even where there is no formal notice under certain circumstances. Such grant is appropriate when: (1) purely legal issues are involved; (2) the evidentiary record is complete; and (3) the parties have been given the opportunity to respond to such a motion. *Burton v. City of Belle Glade,* 178 F.3d 1175, 1204 (11th Cir.1999); *Artistic Entertainment,* 331 F.3d at 1201–02. Here, the issues are, at bottom, legal ones. The parties have not contended that material facts are in dispute. The Attorneys do not contend that they have not been afforded ample opportunity to fully develop the record. Further, the matter has been heard twice by this Court. Accordingly, it is proper for the Court to consider the Debtor's *ore tenus* motion for summary judgment.

B. *Liability Under Section 523(a)(2)(A).*

In order for the Attorneys to sustain a claim under section 523(a)(2)(A), they must establish that the Debtor owes them a debt for services that were obtained by fraud.[3] To meet their burden, the Attorneys cite to the findings in the state court judgment that the Debtor committed a fraud on the court.[4] Yet there is no showing of the Debtor's intent to defraud the Attorneys in obtaining services from them.

■■ As recognized by the United States Supreme Court in the case of *Cohen v. de la Cruz,*[5] while the phrase "to the extent obtained by" in section 523(a)(2)(A) does not impose any limitation on the extent to which "any debt" arising from fraud is excepted from discharge, the actual services must be obtained by fraud to give rise to a nondischargeable debt.[6] "Once it is established that specific money or property has been obtained by fraud ... 'any debt' arising therefrom is excepted from discharge."[7]

■■ The undisputed record before the Court makes clear that the legal services were not obtained from the Attorneys by fraud. A simple example illustrates this conclusion. If the Debtor had obtained the services of an attorney by misrepresenting that a retainer check "was in the mail" when in fact no such check existed, the attorney would have a claim for fraud in inducing the attorney to provide services. Such a claim would be nondischargeable under section 523(a)(2)(A). That is not the situation here.

Rather, the state court found that the Debtor made a misrepresentation based upon his signing of the adoption papers, which included a statement regarding his relationship with the birth mother. However, the state court made no finding that

3. Section 523(a)(2)(A) is not limited to services obtained by fraud. It also includes money, property, or credit obtained by fraud. There is no evidence in this record that the Attorneys provided anything to the Debtor other than services.

4. The Attorneys rely on the state court judgment voiding the adoption as grounds for the nondischargeability of their debt. The elements for collateral estoppel to apply are: (1) the issue at stake must be identical to the one decided in the prior proceeding; (2) the issue must have been actually litigated in the prior proceeding; and (3) the prior determination of the issue must have been a critical and necessary part of the judgment in the earlier proceeding. *In re Auffant,* 268 B.R. 689, 693 (Bankr.M.D.Fla.2001). The Debtor and the Attorneys do not contest the collateral estoppel effect of the judgment.

5. 523 U.S. 213, 218, 118 S.Ct. 1212, 140 L.Ed.2d 341 (1998).

6. *Id.*

7. *Id.*

the Debtor fraudulently induced the Attorneys to provide him legal services. For there to be a nondischargeable debt under section 523(a)(2)(A), the Attorneys' services must have been obtained by the fraudulent acts of the Debtor. That is, there must be a direct link between the fraud and the obtaining of services for purposes of section 523(a)(2)(A).[8]

For example, in *Spigel,* the debtor worked for the plaintiff as a used car sales agent. The debtor used the plaintiff's license to sell used automobiles as required under Rhode Island's law under the plaintiff's specific and limited grant of authority. However, the debtor exceeded this authority and misused the plaintiff's license in selling what eventually turned out to be stolen vehicles.[9] The plaintiff was sued because the debtor had use of its license, and a judgment against the plaintiff was entered.[10] The plaintiff contended that the debtor was liable for damages suffered by the plaintiff and sought to have the debt declared nondischargeable under section 523(a)(2)(A).[11] The Fifth Circuit ruled that the plaintiff failed to show that the fraud was directed at them, instead of the buyer of the stolen car. Accordingly, the court held that the debt was dischargeable because the plaintiff had failed to meet its burden.[12]

Similarly, the Attorneys in this case have failed to show the direct connection between the debt incurred and the Debtor's obtaining the Attorneys' services.

There is nothing in the record to suggest that the Attorneys would not have taken the case if the Debtor had not misrepresented his relationship with the birthmother. In this case, the fraudulent act was the Debtor's statement on the petition for adoption that he was related to the birth mother within the third degree of consanguinity. That fraud was directed at the Court and the birth mother. As a matter of law, the Court finds that the direct link between the debt and the fraud in this case is insufficient to meet the requirements of section 523(a)(2)(A).

The direct link would exist if the birth mother had sued the Debtor for his deceit and sought to have the attorney fees incurred in such a hypothetical suit declared nondischargeable under section 523(a)(2)(A). Another direct link could conceivably occur if the state court had sanctioned the Debtor in favor of the birth mother; the resulting debt could be declared nondischargeable.

These hypothetical situations (and not the one before this Court in this case) would be analogous to the situation presented to this Court in the case of *In re Auffant,*[13] the case relied upon by the Plaintiffs as support (the debtor in *Auffant* sued the insurance company to whom she had made a fraudulent claim and the attorney fees arising from her unsuccessful suit against that insurance company were held to be nondischargeable under section 523(a)(6)).[14] Accordingly, the Attorneys

8. *In re Spigel,* 260 F.3d 27, 32–33 (1st Cir. 2001).

9. *Id.* at 29–30.

10. *Id.*

11. *Id.* at 32.

12. *Id.* at 34–35.

13. 268 B.R. 689.

14. The Attorneys in their Motion for Reconsideration also rely upon an unpublished decision rendered by another judge in this district, *K & K Ins. Group, Inc. v. Houston (In re Houston),* Case No. 03–4074–8G7, Adv. Pro. No. 03–203 (Bankr.M.D.Fla. Sept. 22, 2003)(Glenn, C.B.J.). However, upon review of this decision, this Court finds that this recent, well-reasoned decision by the Honorable Paul M. Glenn does not support the Attorneys' position. The *Houston* case is more akin to the *Auffant* case wherein the

cannot prevail in their case to have any debt owed to them declared nondischargeable under section 523(a)(2)(A).

### C. Liability Under Section 523(a)(6).

To except a debt from discharge under section 523(a)(6), the creditor must show that the debt was for willful and malicious injury to another. Debts arising from recklessly or negligently inflicted injuries do not fall within the willful and malicious injury exception to discharge.[15] Notwithstanding the guidance provided by the United States Supreme Court in the *Geiger* case,[16] two different tests have been applied by the courts in interpreting the ruling in *Geiger* in determining whether the debtor's actions were willful and malicious. The two approaches require that the willfulness must be shown by either the debtor's: (1) actual subjective intent to cause the injury[17]; or (2) by the debtor's subjective knowledge that his or her acts were substantially certain to cause the injury.[18] Under either test, the Court finds that the facts of this case do not satisfy the willfulness requirement contained in section 523(a)(6).

Under the undisputed facts of this case, the Court cannot find that any debt owing by the Debtor to the Attorneys under their third party complaint in the legal malpractice action against the Attorneys by the Debtor's ex-wife was substantially certain to arise from the Debtor's act of misrepresenting his blood relationship with the birth mother in the adoption proceeding. Thus, the Attorneys have failed to meet their burden under § 523(a)(6). Accordingly, it is

ORDERED:

1. The Attorneys' Motion for Reconsideration is denied.

2. The Debtor's *ore tenus* motion for summary judgment is granted.

3. This adversary proceeding is dismissed with each party to bear his or its own costs.

---

creditor is the insurance company, which incurred costs in defending what turned out to be a fraudulent personal injury lawsuit. The intended harm or fraud was still directly connected to the innocent defendant, whose rights are subrogated to the insurance company.

**15.** *Kawaauhau v. Geiger,* 523 U.S. 57, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998).

**16.** *Supra,* note 15.

**17.** *See, e.g., In re Tomlinson,* 220 B.R. 134, 137–38 (Bankr.M.D.Fla.1998).

**18.** *See, e.g., In re Howard,* 261 B.R. 513, 520–21 (Bankr.M.D.Fla.2001).